UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KPN B.V.,

               Plaintiff,

-against-

CORCYRA D.O.O., KSD PACIFIC, LLC,
MOSHE HAR ADIR and YOSSI ATTIA,

               Defendants.

Civil Action No. 08 CV 1549 (JGK)

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO QUASH SERVICE
FILED BY CORCYRA, D.O.O.**

Kevin M. Shelley
KAUFMANN, FEINER, YAMIN,
GILDIN & ROBBINS LLP
Attorneys for Defendants
777 Third Avenue
New York, New York  10017
212.755.3100

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT REGARDING LIMITED APPEARANCE.............................................1

PRELIMINARY STATEMENT ...............................................................................................................1

    POINT I

        THE SUMMONS AND COMPLAINT HAVE NOT BEEN PROPERLY SERVED
        ON MOVANT AND THE ALLEGED SERVICE SHOULD BE QUASHED.........................................3

        A.   Plaintiff Failed to Perform Proper Service Under the Terms
            of the Agreement ..................................................................................................................3

        B.   Plaintiff Failed to Provide Proper Service of the Summons and Complaint
            Under Federal Rule of Civil Procedure Rule 4....................................................................4

CONCLUSION .........................................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Howell v. Kennecott*,
   21 F.R.D. 222 (1957)..................................................................................................4
*Saez Rivera v. Nissan Manufacturing Co.*,
   788 F.2d 819 (1986) ...................................................................................................2
*United States v. Ziegler Bolt and Parts Company*,
   111 F.3d 878, 881 (1997) ...........................................................................................4

**Statutes**

Federal Rule of Civil Procedure 4(f) ......................................................................................5
Federal Rule of Civil Procedure 12(b)(5) ..........................................................................1, 2

ii

**PRELIMINARY STATEMENT REGARDING LIMITED APPEARANCE**

Corcyra, d.o.o. ("Corcyra" or "Movant") hereby objects to the sufficiency and propriety of the service of process allegedly upon it and is hereby making a special appearance for the limited purpose of contesting the service of process without making a general appearance and without waiving its rights to contest the jurisdiction of this court and otherwise, including but not limited its right to insist upon proper service of process.

**PRELIMINARY STATEMENT**

As contended by the Plaintiff, Movant is a Croatian Corporation formed under the laws of the Country of Croatia. Plaintiff is alleging in its Proof of Service filed with this Court on or about March 31, 2008 that it served Movant by: (a) leaving a copy with, and mailing a copy to, Elliot Lutzker (a New York attorney), (b) by telephone facsimile, to co-defendant KSD Pacific, LLC ("KSD") at a California address and (c) by Federal Express overnight delivery to an address in Croatia, i.e., Verdula 17, Pula, Croatia 52100. A copy of the "Declaration of Service" as sent to defendant's counsel by Plaintiff's counsel is attached as Exhibit "1" hereto to the Declaration of Joseph G. McCarty, Esq. However, a second "Declaration of Service (Not Found or Non Service Return)" not sent to Defendant's counsel by Plaintiff's counsel is attached as Exhibit "2" to the Declaration of Joseph G. McCarty. This document was picked up from the Court's PACER website.

However, Elliot Lutzker is not, and was not, authorized to accept service of process on behalf of Movant, and delivery by Federal Express overnight, telephone facsimile, and KSD (at the Los Angeles address) are not proper service under the Federal Rules or the stock purchase agreement at issue in this case. The service of process should be quashed under Fed. R. Civ. P. 12(b)(5).

1

# POINT I

## THE SUMMONS AND COMPLAINT HAVE NOT BEEN PROPERLY SERVED ON MOVANT AND THE ALLEGED SERVICE SHOULD BE QUASHED

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") which permits a defendant to challenge the sufficiency of the service of process. When the sufficiency of service is challenged under Rule 12(b)(5), Plaintiff has the burden to establish proper service of process. *See*, *Saez Rivera v. Nissan Manufacturing Co.*, 788 F.2d 819 (1986).

According to its proof of service, Plaintiff alleges that it served Movant by leaving a copy with Elliot Lutzker (a New York attorney) and by Federal Express overnight delivery to Verdula 17, Pula, Croatia 52100.  See, Request for Judicial Notice, Exhibit 2.  Nowhere in the Complaint, or in any Declaration regarding proof of service, is there any proof (or even any explanation) as to why this particular attorney is allegedly a proper recipient of any process.  Failing any type of proof service upon an attorney, by itself, cannot be proper service.

In addition the claimed service upon Corcyra in California (see Exhibit "2" to the McCarty Declaration) is also not proper service because Corcyra has never used the business address on Spaulding Avenue.  In addition, the alleged declaration on its face says that service of process was not completed.

Plaintiff has played fast and loose with the requirement of service of process.  Rather than follow the requirements of the law, it has chosen to try to get its own version of service past this Court.  Proper service of the summons and complaint is a vital step in bringing a defendant before the court.  Strict compliance with the provisions of the law is required to ensure that a defendant has proper notice of the matter before the court.  Plaintiff cannot show sufficient

2

service under the alleged stock purchase agreement that is attached to the Complaint as Exhibit 1 ("Agreement") or under the applicable law. As such, Plaintiff has not met, and cannot meet, its burden; thus, service of the summons and complaint on Movant must be quashed.

A. **Plaintiff Failed to Perform Proper Service Under the Terms of the Agreement**

The alleged Agreement between Plaintiff and Corcyra has a special provision regarding the service of process. The Agreement, which is attached as Exhibit 1 to the Complaint, at page 18, Sub-Paragraph 7(d) provides as follows: "[e]ach party to this Agreement hereby waives formal service of process and agrees that service of any process, summons, notice or document by U.S. registered mail to any such party's respective address set forth above shall be effective service of process for any action, suit or proceeding in New York . . ." At Page 18 Paragraph 5, in pertinent part, the Agreement provides the notice address for Corcyra as:

". . . CORCYRA d.o.o.
Verudela 17, Pula Croatia 52100
Fax: +385 52 590 731
Attn: Moshe Har Adir

with a copy to :

Robinson & Cole LLP
885 Third Avenue, Suite 2800
New York, NY 10022
Fax +1 212 451 2999
Attn: Elliot H. Lutzker
. . .."

Plaintiff's proof of service claims that it served the summons and complaint by: 1) personal service on attorney Elliot Lutzker, at his offices at Philips Nizer LLP, 666 Fifth Avenue, 28th Floor, New York, New York (Mr. Lutzker refused to accept service so the documents were left on a desk); 2) by facsimile transmission to +385 52 590 731 (the call failed to complete); 3) to Mr. Lutzker's office by registered mail; 4) to KSD Pacific LLC, 10611/2 N,

3

Spalding Avenue, West Hollywood, California 90046 by registered mail; 5) by Federal Express overnight delivery to c/o Moshe Har Adir, Verudela 17, Pula, Croatia 52100 (package not claimed). (*See*, Request for Judicial Notice filed herewith, Exhibit 1).

Apparently, Plaintiff is operating under the theory that quantity is more important than quality. It has served the summons and complaint by five different methods but has failed to serve the complaint by any method provided under the Agreement or allowed by law.

The Agreement calls for delivery by U.S. registered mail to Movant's address in the Agreement. There is <u>no</u> provision for service on the attorney, by fax, other address or by Federal Express. As such, there is no possible argument that the summons and complaint were served on Movant as provided under the Agreement.

**B.     Plaintiff Failed to Provide Proper Service of the Summons and Complaint Under Federal Rule of Civil Procedure Rule 4**

**1.     The Alleged Service on Elliot Lutzker Was Improper**

Plaintiff is alleging that it served Movant by leaving a copy with Elliot Lutzker (a New York attorney). (*See*, Request for Judicial Notice Exhibit 1). Federal Rule of Civil Procedure 4 (h)(1)(B) allows service on a corporation by service upon an authorized agent. However, Plaintiff has not provided any evidence that Elliot Lutzker is an authorized agent for service of process on Movant. In fact, the proof of service shows that Mr. Lutzker refused to accept service indicating that he was not authorized to accept service on behalf of Corcyra. An attorney is not an agent for service of process. (*See*, *Howell v. Kennecott*, 21 F.R.D. 222 (1957)). The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. *See, United States v. Ziegler Bolt and Parts Company*, 111 F.3d 878, 881 (1997). Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service. *Id*. Plaintiff was

4

clearly aware that Mr. Lutzker was not authorized to accept service since it attempted service by four other methods.

### 2. The Alleged Service on KSD Pacific Was Improper

As set forth in the Attia Declaration filed concurrently herewith, KSD Pacific, LLC ("KSD") is not authorized to accept service on behalf of Corcyra.

### 3. The Alleged Service at the Croatian Address Was Improper

Plaintiff is alleging that it served Movant by Federal Express overnight delivery to Verdula 17, Pula, Croatia 52100 (Croatian Address). Plaintiff's proof of service states that the document was not received. *See*, Request for Judicial Notice, Exhibit 2. There is no provision for the use of Federal Express for service of process under the Federal Rules.

### 4. Service By Federal Express is Not Proper Under the Federal Rules

Federal Rule of Civil Procedure 4(f) states that international service upon a corporation shall be effected as provided by international agreement or as provided by the foreign country's law. There is no provision for service via Federal Express or telephone facsimile.

Corcyra is a Croatian corporation. The proper method of service in Croatia can be located on the United States Department of State website; a copy of the instructions is attached to the Request for Judicial Notice as Exhibit 2. There is no applicable international agreement since Croatia is not a signatory to the Hague Convention. Therefore, Croatian law applies. Under Croatian law, service can be performed by a local agent (an attorney); through letters rogatory with a document translated into Croatian, or by international registered mail with a return receipt. Delivery by Federal Express and telephone facsimile is not allowed.

There is no provision for service by Federal Express under the Federal Rules, International law or Croatian law. Therefore, service of the summons and complaint must be quashed.

**CONCLUSION**

Based upon the above, it is respectfully contended that Plaintiff's service upon Movant is insufficient and should be quashed.

Dated:  New York, New York				KAUFMANN, FEINER, YAMIN,
       May 30, 2008				GILDIN & ROBBINS LLP
						Attorneys for Defendant Corcyra D.O.O.

						By  /s/ Kevin M. Shelley_____
						    Kevin M. Shelley (KS8149)
						    777 Third Avenue
						    New York, New York 10017
						    (212) 755.3100

						    and

						ROBERT M. YASPAN (Pro Hac Vice Admission Pending)
						JOSEPH G. McCARTY (Of Counsel) (Pro Hac Vice Admission Pending)
						LAW OFFICES OF ROBERT M. YASPAN
						21700 Oxnard Street, Suite 1750
						Woodland Hills, California 91367
						(818) 774.9929