| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>KPN B.V.,<br><br>      Plaintiff,<br><br> -against-<br><br>CORCYRA D.O.O., KSD PACIFIC, LLC,<br>MOSHE HAR ADIR and YOSSI ATTIA,<br><br>      Defendants. | Civil Action No. 08 CV 1549 (JGK) |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS COMPLAINT
<u>FILED BY DEFENDANT YOSSI ATTIA</u>**

                       Kevin M. Shelley
                       KAUFMANN, FEINER, YAMIN,
                       GILDIN & ROBBINS LLP
                       Attorneys for Defendants
                       777 Third Avenue
                       New York, New York  10017
                       212.755.3100

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

    POINT I

        THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO STATE
        A COGNIZABLE THEORY OF RECOVERY AGAINST MOVANT .....................................2

        A.  Federal Rules of Civil Procedure 12(b)(6) ............................................................2
        B.  Alter Ego Factors.....................................................................................................2
        C.  Allegations Against Movant....................................................................................3
        D.  The Complaint Fails to Plead a Viable Cause of Action Against Movant .........8

    POINT II

        THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN
        A NECESSARY PARTY ........................................................................................10

CONCLUSION ..........................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Circ. 1988) ........................................................................................................2
*Fletcher v. Atex, Inc.*,
  68 F.3d 1451 (2nd Cir.1995)................................................................................................2, 7, 8
*In re Transcolor Corp.*,
  296 B.R. 343 (2003) .....................................................................................................................10
*Leykis v. NYP Holdings, Inc.*,
  899 F.Supp. 986, 991 (E.D.N.Y. 1995) ........................................................................................3
*Western Mining Council v. Watt*, 2
  643 F.2d 618 (9th Circ. 1981),
  *cert. denied*, 454 U.S. 1031, 102 S. Ct. 567 .................................................................................2

**Statutes**
Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 2
Federal Rule of Civil Procedure 12(b)(7) ...................................................................................1, 9

**PRELIMINARY STATEMENT**

Movant Yossi Attia is not a party to any of the agreements at issue in this case. Plaintiff's only claim against Movant is based upon bare allegations that he is the alter ego of two of the co-defendants [KSD Pacific, LLC ("KSD") and Corcyra d.o.o. ("Corcyra") (collectively co-Defendants)]. Plaintiff has failed to allege any factual basis for the alter ego theory. For example, the Complaint is deficient in containing any allegations of lack of formality, undercapitalization or co-mingling of assets. In fact, as to the primary typical alter ego allegation, i.e., that the alter ego claim is necessary to prevent an injustice, the Complaint is completely deficient.

In fact, the Exhibits that are attached to the Complaint show that Plaintiff was not relying on any assets of Corcyra for security; thus, why should the Plaintiff have recourse to the alleged alter-ego's assets?

Plaintiff is attempting to misuse an alter ego theory to improve its bargained-for position as an unsecured creditor of Corcyra under the alleged stock purchase agreement. The bulk of the allegations in the Complaint are contradictory to any alter ego theory. Additionally, Plaintiff has failed to serve and/or establish jurisdiction over the co-Defendants which are necessary parties to any alter ego theory. In short, Plaintiff's allegations fail to state any viable cause of action against Movant and the case should be dismissed under Federal Rule of Civil Procedure Rules 12(b)(6) ["Rule 12(b)(6)"] and 12(b)(7) ["Rule 12(b)(7)"].

## POINT I

## THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A COGNIZABLE THEORY OF RECOVERY AGAINST MOVANT

**A.     Federal Rule of Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal of a claim pursuant to Rule 12(b)(6) is proper where there is either a lack of a cognizable legal theory, or, the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Circ. 1988).

Although the court must accept all factual allegations as true, it need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Circ. 1981), *cert. denied*, 454 U.S. 1031, 102 S. Ct. 567.

As set forth more fully below, the only claims against Movant are based on bare allegations that he is the alter ego of the Co-Defendants. There are not any allegations of lack of formality, undercapitalization or co-mingling of assets. And even more to the point there are no allegations that the alter ego theory is necessary to prevent an injustice. As such, Plaintiff has failed to plead a proper cause of action against the Movant and the case should be dismissed pursuant to Rule 12(b)(6).

**B.     Alter Ego Factors**

In the present case, Plaintiff has failed to allege any facts that show that an alter ego theory is necessary to prevent injustice. In fact, as set forth below, Plaintiff is attempting to use the alter ego theory to bolster its security under the stock purchase agreement at issue. The alter ego theory is an equitable remedy that will only be applied to prevent injustice. *See*, *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1458 (2nd Cir.1995). The Fletcher court stated, "[a]s noted above, a

2

showing of fraud or wrongdoing is not necessary under an alter ego theory, but the plaintiff must demonstrate an overall element of injustice or unfairness. [cite omitted]" *Id*.  Plaintiff cannot allege any unfairness since it has precisely what it bargained for under the stock purchase agreement without any alter ego theory.

Plaintiff has failed to make any factual allegations of the relevant factors that could support an alter ego theory.  The court in *Leykis v. NYP Holdings, Inc.*, 899 F.Supp. 986, 991 (E.D.N.Y. 1995) stated the following with regard to alter ego allegations:

> Finding alter ego liability is and exception to the general principal that individual owners, officers and shareholders of a corporation are not personally liable for corporate acts. [citations omitted] Courts weigh several factors to determine whether a person of entity is an alter ego, including: (1) the absence of the formalities . . . of the corporate existence, . . . (2) inadequate capitalization, (3) whether funds are put in and take out for personal reasons rather than corporate purposes, (4) overlap in ownership, officers and personal, (5) common office space, address and telephone number of corporate entities, (6) the amount of business discretion  displayed . . ., (7) whether . . . deal . . . at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts . . . by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

The *Leykis* court ruled that the plaintiff had failed to allege facts that would support the stated factors and dismissed the alter ego claims.  *Id*.

In the present case, Plaintiff has made mere conclusory allegations of alter ego without pleading any supporting facts.  As noted by the *Leykis*, court, "[w]hile specificity may not be required to plead and alter ego theory, one must allege more than ownership, shareholder or partnership status." *Id* at 992.

C.      **Allegations Against Movant**

The factual allegations of the Complaint, as confirmed by the attached exhibits, evidence a proper respect for the corporate formalities.  The stock purchase contracts and the amendments

were properly executed by officers of the contracting parties. The alter ego allegations are merely conclusory allegations that are contradicted by the factual allegation and the attached exhibits. The allegations in the Complaint regarding Movant are as follows:

At Page 1, Paragraph 1 of the Complaint, Plaintiff alleges, "KSD's alter-ego Mr. Attia." This allegation is a mere conclusion without any supporting factual allegations. *Id.*

At Page 3, Sub-Paragraph 5 (iii) of the Complaint, Plaintiff alleges, "Mr. Attia directly as alter-ego of KSD and CORCYRA." This allegation is a mere conclusion without any supporting factual allegations. *Id*.

At Page 4, Paragraph 7 of the Complaint, Plaintiff alleges, "Mr. Attia was its [Corcyra] sole beneficial owner via his ownership of KSD." Sole ownership of a corporation alone is not a proper basis for attacking the corporate veil. *Id*.

At Page 4, Paragraph 8 of the Complaint, Plaintiff alleges, "Mr. Attia is KSD's sole officer, director and member." Sole ownership of a corporation alone is not a proper basis for attacking the corporate veil. *Id.*

At Page 4, Paragraph 10 of the Complaint, Plaintiff alleges, ". . . Mr. Attia has been employed as a real estate developer since 2000." This allegation is not a proper basis for attacking the corporate veil. *Id*.

At Page 4, Paragraph 11 of the Complaint, Plaintiff alleges, ". . . Mr. Attia, a dual U.S. and Israeli citizen who is domiciled in California." This allegation is not a proper basis for attacking the corporate veil. *Id.*

At Page 5, Paragraph 15 of the Complaint, Plaintiff alleges, "[p]ersonal jurisdiction over Mr. Attia is proper because he is the alter ego of both CORCYRA and KSD and on information and belief, Mr. Attia conducts business in the State of New York." This allegation is a mere

4

conclusion without any supporting factual allegations. *Id.*

At Page 8, Sub-Paragraph 24 (iii) of the Complaint, Plaintiff alleges, ". . . Mr. Attia, who joined EuroWeb's Board of Directors at a meeting dated January 31, 2005, two days after the Agreement was signed." Membership on a board of directors is certainly not an allegation that supports an alter ego theory. *Id.*

At Page 9, Paragraph 28 of the Complaint, Plaintiff alleges, "Mr. Attia, CORCYRA's sole officer and director, executed Amendment No. 1 to the Purchase Agreement on April 28, 2006." Sole ownership of a corporation alone is not a proper basis for attacking the corporate veil. *Id.*

At Page 12, Paragraph 38 of the Complaint, Plaintiff alleges, ". . . Mr. Attia had consolidated his control of EuroWeb, becoming CEO on June 15, 2006, and President and CEO on August 14, 2006. Mr. Attia then purchased CORCYRA an August 31, 2006 from Mr. Adir, through KSD Pacific, LLC, of which Mr. Attia was the sole officer, director and member." Sole ownership of a corporation alone is not a proper basis for attacking the corporate veil. *Id.*

At Page 12, Paragraph 39 of the Complaint, Plaintiff alleges, "…CORCYRA, now controlled by Mr. Attia, . . . Mr. Attia invested EuroWeb's assets in five real estate projects in California and Nevada. This was done by Mr. Attia despite the fact that CORCYRA had received $18,500,000.00 in reported proceeds from the disposal of various EuroWeb assets." There is no allegation that the investments were somehow contrary to the proper function of the corporate entities. Actually, when Paragraph 39 is closely read, the only allegation relates to a series of alleged investments by CORCYRA, and not to any pattern of disposal of those assets from CORCYRA. *Id* at 991. Finally, since EuroWeb did not guarantee the debt to the Plaintiff, and it is not liable for the alleged debt to the Plaintiff, the only real allegation is that, somehow,

5

CORCYRA enriched itself by the receipt of $18,500,000 from EuroWeb, a transaction which, ironically, improved the Plaintiff's claimed position. This is hardly the type of "injustice" to which alter ego is intended to relate.

At Page 12, Paragraph 40 of the Complaint, Plaintiff alleges, ". . . CORCYRA sought a further extension of its payment term from KPN, claiming that Mr. Attia would face hardship in paying because of his intent imminently to provide a personal guarantee of $72,000,000 relating to another investment." This allegation does not appear to have any direct relevance to any alter ego allegation. A contribution or loan to a corporation alone is not a proper basis for attacking the corporate veil. *Id*.

At Page 13, Paragraph 42 of the Complaint, Plaintiff alleges, ". . . CORCYRA was controlled by Mr. Attia, who was then not only CORCYRA's sole officer and director, but its sole beneficial owner, via his complete control of KSD. CORCYRA and KSD could only act with the consent, permission and authorization of Mr. Attia, alone. Furthermore, Mr. Attia executed Amendment No. 2 on CORCYRA's behalf." Sole ownership of a corporation is not a proper basis for attacking the corporate veil. The execution of the amendment on behalf of the corporation is proper and is evidence instead of compliance with the formalities of a corporate structure. *Id*.

At Page 16, Paragraph 49 of the Complaint, Plaintiff alleges, "They also confirm in this filing that Mr. Attia was the sole officer and director of CORCYRA, and the sole member and manager of KSD, which in turn was the sole owner of CORCYRA." Sole ownership of a corporation alone is not a proper basis for attacking the corporate veil. *Id.*

At Page 16, Paragraph 52 of the Complaint, Plaintiff alleges, "[o]n June 21, 2007 Mr. Attia, the sole member and sole owner of KSD and the sole officer and director of CORCYRA,

6

transferred the common stock of CORCYRA into the name of KSD. . . . Mr. Attia, the sole member and owner of KSD, exercises day-to-day control of KSD and, through his ownership of KSD, day-to-day control of CORCYRA." Sole ownership of a corporation alone is not a proper basis for attacking the corporate veil. *Id*.

At Page 17, Paragraph 53 of the Complaint, Plaintiff alleges, "CORCYRA, now a shell company and mere instrumentality of Mr. Attia, failed to pay for the remaining Purchased Shares . . ." This allegation is a mere conclusion that is not supported by the factual allegations. *Id.* at 992.

At Page 17, Paragraph 55 of the Complaint, Plaintiff alleges, ". . . 'following a meeting of the Board next month, Mr. Attia will be an a better position to provide you with some degree of certainty as to the date when KSD Pacific, LLC ("KSD") will make final payment to KPN . . ." This allegation does not appear to have any direct relevance to any alter ego allegation. A contribution or loan to a corporation alone is not a proper basis for attacking the corporate veil. *Id* at 991.

The factual allegations and the exhibits attached to the Complaint show compliance with the corporate formalities. The actions of Defendant Attia that are complained of, on a pleading basis only, actually served to improve, and not diminish, Plaintiff's position.

Thus, the only allegations of an alter ego theory are merely conclusory pleadings without any supporting factual allegations. Alter ego theories are only applicable to a case to prevent an injustice. *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1458 (2nd Cir.1995). Plaintiff has failed to allege any injustice or any other facts that would support an alter ego theory; in fact, it has alleged the contrary.

7

**D.    The Complaint Fails to Plead a Viable Cause of Action Against Movant**

The Complaint pleads only two causes of action. The second cause of action to enforce an alleged guaranty is alleged only against Moshe Har Adir. The first cause of action for breach of the stock purchase agreement is the only claim that could involve any alleged alter ego theory against Movant. However, the breach of contract claim can only be rationally and properly alleged against the contracting parties. Movant is simply not a party to the contract. The contract that is attached to the Complaint is a written integrated contract. Plaintiff has failed to allege any cause of action against Movant based upon the alleged stock purchase agreement.

   1. **The Allegations in the Complaint and the Attached Exhibits Contradict Plaintiff's Alter Ego Theory**

The allegations of the Complaint as set forth above show a compliance with the corporate formalities. The stock purchase agreement and amendments were signed in the proper corporate capacities. Plaintiff has failed to plead any factual allegations that would justify any attack on the corporate veil. In particular, Plaintiff has failed to allege any injustice that would support an alter ego theory in this case. Absent an injustice, the law will recognize a corporate entity, even if there were some arguable corporate formality issues. *Fletcher, supra* at 1458.

   2.    **Plaintiff is Attempting to Alter the Terms of the Alleged Stock Purchase Agreement Through the Its Alter Ego theory**

Plaintiff is attempting to use its alter ego theory to gain more security than it has under the terms of the stock purchase agreement. The pleadings and the attached exhibits demonstrate that Plaintiff has what it bargained for without any necessity or right to resort to any alter ego theory.

Plaintiff was aware that Corcyra did not have the capital to perform on the agreement. Presumably, that is why it insisted on the letters which are attached to the Complaint as Exhibits

8

7 and 8 (the alleged guarantees). The letters simply state that the principal of Corcyra intended to loan capital to Corcyra which it could then use to perform on the stock purchase agreement.

Furthermore, Plaintiff has not transferred all of the stock of EuroWeb to Corcyra. It has only transferred the stock that has been paid for. That was the way the deal was structured. Plaintiff kept the stock in escrow until it was paid the stock remaining at issue is still in escrow.

Plaintiff was not relying on any assets of the corporation for security. Plaintiff is now attempting to use an alter ego theory to gain additional security that was not in the original bargain by attempting to bring Movant into this action. That is a misuse of the alter ego theory. Id.

## POINT II

### THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN A NECESSARY PARTY

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to challenge a complaint for failure to join a necessary party.  In this case, Plaintiff has failed to get jurisdiction and/or properly serve necessary parties to this case.  Co-Defendants (Corcyra and KSD) have filed concurrent motions challenging jurisdiction and service.  Movant's only involvement in this case is as an alleged alter ego of the Co-Defendants.  As such, Co-Defendants are necessary parties.  *In re Transcolor Corp.*, 296 B.R. 343, 358 (2003).  Therefore, Movant should be dismissed from the case or excused from responding to the Complaint until the Co-Defendants have been properly joined and served.

**CONCLUSION**

Based upon the above, it is respectfully contended that the Complaint should be dismissed, because Plaintiff has failed to plead a viable cause of action against Movant, and Plaintiff has failed to join necessary parties alternatively, Movant should be excused from responding to the Complaint until Corcyra and KSD has been properly joined and served.

Dated:  New York, New York           KAUFMANN, FEINER, YAMIN,
        May 30, 2008                         GILDIN & ROBBINS LLP
                                         Attorneys for Defendant Yossi Attia

                                         By  /s/ Kevin M. Shelley
                                            Kevin M. Shelley (KS8149)
                                            777 Third Avenue
                                            New York, New York 10017
                                            (212) 755.3100

                                            and

                                         ROBERT M. YASPAN (Pro Hac Vice Admission Pending)
                                         JOSEPH G. McCARTY (Of Counsel) (Pro Hac Vice
                                         Admission Pending)
                                         LAW OFFICES OF ROBERT M. YASPAN
                                         21700 Oxnard Street, Suite 1750
                                         Woodland Hills, California 91367
                                         (818) 774.9929