**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KPN B.V.,

                      **Plaintiff,**

    **-against-**

CORCYRA D.O.O., KSD PACIFIC, LLC,
MOSHE HAR ADIR and YOSSI ATTIA,

                    **Defendants.**

**Civil Action No. 08 CV 1549 (JGK)**

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS THE COMPLAINT**
**FILED BY DEFENDANT MOSHE HAR ADIR**

Kevin M. Shelley
KAUFMANN, FEINER, YAMIN,
GILDIN & ROBBINS LLP
Attorneys for Defendants
777 Third Avenue
New York, New York  10017
212.755.3100

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..............................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................................1

POINT I

    THE SUMMONS AND COMPLAINT HAVE NOT BEEN PROPERLY SERVED
    ON MOVANT AND THE ALLEGED SERVICE SHOULD BE QUASHED.........................................3

    A.  The Alleged Service On Elliot Lutzker Was Improper .....................................................4
    B.  The Alleged Service at the Croatian Address Was Improper ............................................4

POINT II

    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MOVANT............................7

    A.  Federal Rule of Civil Procedure 12(b)(2) ........................................................................7
    B.  Personal Jurisdiction........................................................................................................8

CONCLUSION ...............................................................................................................................12

## TABLE OF AUTHORITIES

<u>Cases</u>

*Arrowsmith v. United Press Int'l.,*
   320 F.2d 219 (2d Cir. 1963) ...........................................................................8

*Ball v. Metallurgie Hoboken-Overpelt, S.A.,*
   902 F.2d 194 (2d Cir. 1990) ...........................................................................8

*Bradley v. Staubach,*
   2004 WL 830066 at 4 (S.D.N.Y. 2004) ...........................................................9

*Burger King v. Rudzewicz,*
   471 U.S. 462 (1985) .......................................................................................10

*Carell v. Schubert Org.,*
   104 F.Supp.2d 236 (S.D.N.Y. 2000) ...............................................................9

*Helicopteros Nacionales de Colombia S.A. v. Hall,*
   466 U.S. 408 (1984) .........................................................................................8

*Howell v. Kennecott,*
   21 F.R.D. 222 (1957) .......................................................................................4

*International Shoe Co. v. Washington,*
   326 U.S. 310 (1945) ...................................................................................8, 10

*Merkel Associates, Inc. v. Bellofram Corporation,*
   437 F.Supp. 612 (1977) .................................................................................10

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,*
   84 F.3d 560 (2d Cir. 1996) .............................................................................10

*PDK Labs, Inc. v. Friedlander,*
   103 F.3d 1105 (2d Cir. 1997). .........................................................................8

*Robinson v. Overseas Military Sales Corp.,*
   21 F.3d 502 (2d Cir. 1994) ...............................................................................7

*Saez Rivera v. Nissan Manufacturing Co.,*
   788 F.2d 819 (1986) .........................................................................................3

*Sunward Elec., Inc. v. McDonald,*
   362 F.3d 17 (2d Cir. 2004) ...............................................................................8

*The Pension Committee of the University of Montreal Pension Plan v.*
*Banc of America Securities, LLC,*
   2006 WL 559811 (S.D.N.Y. 2006) ..................................................................7

*United States v. Ziegler Bolt and Parts Company,*
   111 F.3d 878 (1997) .........................................................................................4

*Wiwa v. Royal Dutch Petroleum Co.,*
   226 F.3d 88 (2d Cir. 2000) ...............................................................................9

<u>Statutes</u>

CPLR Section 301 ............................................................................................8, 9
CPLR Section 302(a) ......................................................................................9, 10
Federal Rule of Civil Procedure 4(e)(2)(C) .........................................................4
Federal Rule of Civil Procedure 4(f) ...................................................................5
Federal Rule of Civil Procedure 12(b)(2) .........................................................2, 7
Federal Rule of Civil Procedure 12(b)(5) .........................................................1, 3

## PRELIMINARY STATEMENT

Movant Moshe Har Adir ("Adir" or "Movant") hereby objects to the sufficiency and propriety of the service of process on him and is hereby making a special appearance for the limited purpose of contesting the service of process and personal jurisdiction without waiver of his rights including but not limited his right to proper service of process and his right to contest personal jurisdiction.

Movant is an Israeli citizen who currently resides in Israel. See Har Adir Declaration, filed concurrently herewith. Movant has not conducted, and does not, conduct business in the State of New York, U.S.A., and has not resided, and does not, reside in the State of New York. Plaintiff is alleging that it served Movant by leaving a copy of the summons and complaint with Elliot Lutzker (a New York attorney) and by Federal Express overnight delivery to Verdula 17, Pula, Croatia 52100. However, Elliot Lutzker is not Movant's attorney and is not authorized to accept service of process on behalf of Movant. Verdula 17, Pula Croatia is not Movant's current address and was not his address at the time of the alleged service. Furthermore, delivery by Federal Express overnight is not proper service under the Federal Rules and Plaintiff admits that the Summons and Complaint were not delivered to Movant. The service of process should be quashed under Fed. R. Civ. P. 12(b)(5).

Movant was not directly involved in the negotiations regarding the transaction at issue in this case. The negotiations took place in the Netherlands, Germany and California between other parties. Movant was in Europe during the negotiations and did not have any contact with New York. Movant did not sign any of the stock purchase documents in his individual capacity. Movant was in Europe when the documents were signed. Movant did not agree to venue and jurisdiction in New York. Therefore, there are no minimum contacts with New York to provide

1

the due process requirement that would support personal jurisdiction in this Court and Movant

should be dismissed from the case pursuant to Fed. R. Civ. P. 12(b)(2).

**POINT I**

**THE SUMMONS AND COMPLAINT HAVE NOT
BEEN PROPERLY SERVED ON MOVANT AND
THE ALLEGED SERVICE SHOULD BE QUASHED**

Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") permits a defendant to

challenge the sufficiency of the service of process. When the sufficiency of service is challenged

under Rule 12(b)(5), Plaintiff has the burden to establish proper service of process. *See, Saez*

*Rivera v. Nissan Manufacturing Co.*, 788 F2d 819 (1986).

According to its proof of service, Plaintiff is alleging that it served Movant by leaving a

copy with Elliot Lutzker (a New York attorney) and by Federal Express overnight delivery to

Verdula 17, Pula, Croatia 52100. *See,* Request for Judicial Notice filed herewith, Exhibit 1.  In

addition, Plaintiff claims that service was achieved by serving allegedly this Defendant at 164

No. Stanley Drive, Beverly Hills, California ("STANLEY").  However, as pointed out in the Har

Adir Declaration, this Defendant lives (and lived at the time of service) in Israel, and not in

Beverly Hills, California.

As such, Plaintiff has not met, and cannot meet, its burden; thus, service of the summons

and complaint on Movant must be quashed.

Plaintiff has played fast and loose with the requirement of service of process.  Rather than

follow the requirements of the law, it has chosen to try to get its own version of service past this

Court.  Proper service of the summons and complaint is a vital step in bringing a party before the

court.  Strict compliance with the provisions of the law is required to ensure that a defendant has

proper notice of the matter before the court.  In the present case, Plaintiff cannot show sufficient

service under the applicable law.  As such, Plaintiff has not met and cannot meet, its burden;

thus, service of the summons and complaint on Movant must be quashed.

A.    **The Alleged Service On Elliot Lutzker Was Improper**

Plaintiff is alleging that it served Movant by leaving a copy with Elliot Lutzker (a New York attorney).  (*See,* Request for Judicial Notice, Exhibit 1).  Federal Rule of Civil Procedure 4(e)(2)(C) allows service on an individual by service upon an authorized agent.  However, Plaintiff has not provided any evidence that Elliot Lutzker is an authorized agent for service of process on Movant.  In fact, the proof of service shows that Mr. Lutzker refused to accept service indicating that he was not authorized to accept service on the part of Movant.

As set forth in the Declaration of Moshe Har Adir ("Adir Declaration"), Elliot Lutzker is not an authorized agent to accept service of process on behalf of Movant.  An attorney is not an agent for service of process.  *See, Howell v. Kennecott,* 21 F.R.D. 222 (1957).  The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. *See, United States v. Ziegler Bolt and Parts Company,* 111 F.3d 878, 881 (1997).  Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service.  *Id.*   Furthermore, as set forth in the Adir Declaration, Elliot Lutzker is not Movant's attorney.

B.    **The Alleged Service at the Croatian Address Was Improper**

Plaintiff also alleges that it served Movant by Federal Express overnight delivery to Verdula 17, Pula, Croatia 52100 (Croatian Address).  Plaintiff's proof of service indicates that the document was not received. (*See*, Request for Judicial Notice, Exhibit 1).  The alleged service is not proper under the Federal Rules because the address for service is incorrect and service by Federal Express is not proper under the law.

1.     **Service By Federal Express is Not Proper Under the Federal Rules**

Federal Rule of Civil Procedure 4(f) provides that international service upon an individual shall be effected as provided by international agreement or as provided by the foreign country's law.  There is no provision for service via Federal Express under the Federal Rules and applicable law.

Plaintiff has attempted to serve Movant in Croatia.  However, as set forth in the Adir Declaration, Movant does not reside in Croatia.  Additionally, the alleged service is not proper under Croatian law, even if Har Adir lived in Croatia at the time of the alleged service of process.

The proper method for service of process in Croatia can be located on the United States Department of State website.  A copy of the webpage regarding service in Croatia is attached to the Request for Judicial Notice as Exhibit 2.  There is no applicable international agreement since Croatia is not a signatory to the Hague Convention.  As such, Croatian law applies.  Under Croatian law, service can be performed by a local agent (attorney) or through letters rogatory with a document translated into Croatian or by international registered mail with a returned signed receipt.  There is no provision for delivery by Federal Express.

There is no provision for service by Federal Express under, the Federal Rules, international law or Croatian law.  Therefore, service of the summons and complaint must be quashed.

2.  **The Alleged Service Was Improper Because Movant Does Not Presently Reside in Croatia**

Movant currently resides in Israel and was a resident of Israel at the time of the alleged service.  The Croatian Address is not Movant's address, place of residence, domicile or business address and was not Movant's address, place of residence, domicile or business address at the

time of the alleged service. Plaintiff's proof of service shows that the Federal Express package was not successfully delivered to anyone. As such, there can be no argument that the summons and complaint has been served on Movant.

### 3. Attempted Service at STANLEY

As set out in the Har Adir Declaration, this Defendant has no contact with STANLEY, and did not authorize anyone at the STANLEY address to accept service of process on his behalf. *See* Har Adir Declaration, Paragraphs 7 and 8.

## POINT II

## THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MOVANT

Movant is an Israeli citizen.  He does not do business in New York and has not done business in New York.  See Har Adir Declaration.  Plaintiff based its allegations regarding jurisdiction on two letters that were directed to Plaintiff in the Netherlands where it is based and his signature as a corporate officer on the stock purchase agreement.  The letters merely state that Movant intended to loan funds to Corcyra which Corcyra could then use to perform under the stock purchase agreement at issue in this case.  As set forth in the Adir Declaration, all of the documents were executed in Europe.  As such, Plaintiff has failed to allege sufficient contacts with New York to provide personal jurisdiction under its statutes and the due process requirement of the United States Constitution.  Therefore, Movant should be dismissed from the Complaint.

### A.    Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") permits a defendant to challenge the Court's jurisdiction over the defendant's person.  When personal jurisdiction is challenged under Rule 12(b)(2), the Plaintiff has the burden of proving that the Court has personal jurisdiction.  *See, Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994).  When a defendant contests a plaintiff's allegation with specific testimonial evidence regarding the facts essential to jurisdiction, the plaintiff must provide evidence to the contrary or the allegation may be deemed refuted. *See, The Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC*, 2006 WL 559811 (S.D.N.Y. 2006).

**B.**    <u>**Personal Jurisdiction**</u>

Personal jurisdiction in a diversity action is determined in accordance with the law of the state where the Court sits as limited by the requirements of due process under the United States Constitution. *See, Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 223 (2d Cir. 1963). As such, New York law applies as limited by the Constitution. *See, Sunward Elec., Inc. v. McDonald*, 362 F.3d 17 (2d Cir. 2004). As noted by the Court in *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984), "[t]he due process requirement of the Fourteenth Amendment requires that, in order for a court to exercise jurisdiction over a non-resident defendant, the defendant must have 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair plan and substantial justice.' [(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)]." These determinations are necessarily a fact sensitive *ad hoc* determination since each case is dependant on its particular circumstances. *See, PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).

In the present case, Movant has had no contacts (much less minimum contacts) with New York. The stock purchase agreement was executed in Europe in his capacity as an officer of Corcyra. See Har Adir Declaration. The two letters to Plaintiff were directed to Plaintiff in the Netherlands. *See*, Complaint, Exhibits 7 and 8. Plaintiff's allegations regarding personal jurisdiction must fail under the laws of the State of New York and the Constitution.

**1.**    **General Jurisdiction Under CPLR Section 301**

Under CPLR Section 301, a defendant may be subject to the jurisdiction of New York Courts if he is doing business in New York. This standard is stringently applied since a finding of general jurisdiction permits a party to be sued for conduct wholly unconnected to its contact with the forum state if it is doing business there. *See, Ball v. Metallurgie Hoboken-Overpelt*,

*S.A.*, 902 F.2d 194 (2d Cir. 1990).  A defendant is only subject to general jurisdiction if he doing business in New York in a "continuous, permanent, and substantial" manner.  *See, Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000).  This requirement can be met by proof of, "…(1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the existence of bank accounts or other property in New York; and (4) the presence of employees in New York."  *Carell v. Schubert Org.*, 104 F.Supp.2d 236, 268 (S.D.N.Y. 2000).  The court is required to look at the case as a whole to make a determination regarding general jurisdiction.

In the present case, as set forth in the Adir Declaration, Movant has never done any business in New York.  He does not have employees, offices, bank accounts or any presence in New York.  Plaintiff alleged at Paragraph 16 on Page 5 of the Complaint that, "[Movant] conducts business in the State of New York."  However, Plaintiff cannot provide evidence that would support a finding that Movant conducts any business in New York, much less the kind of business that would support general jurisdiction.  As such, Plaintiff cannot establish general jurisdiction over Movant under CPLR Section 301.

### 2.     Specific Jurisdiction  Under CPLR Section 302(a)

A defendant who is not doing business within the context of CPLR Section 301 may still be sued in New York based upon a specific transaction that took place in New York.  Under CPLR Section 302(a) a court may exercise specific jurisdiction over a defendant who "transacts any business within the state."  In deciding whether a defendant has conducted business within New York, the court must determine whether the defendant has, "purposely avail[ed] itself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws."  *Bradley v. Staubach*, 2004 WL 830066 at 4 (S.D.N.Y. 2004).  There is no definitive test to determine if a defendant has purposely availed himself of the privilege of conducting

activities in New York.  The totality of the defendant's contacts must be reviewed to determine whether jurisdiction is proper.

As set forth in the Adir Declaration, Movant has not conducted business in New York. The stock purchase documents were executed in Europe in Movant's capacity as an officer of Corcyra.  The letters were executed in Europe and directed to KPN's address in the Netherlands. Plaintiff cannot provide evidence that would support a finding that Movant has conducted any business in New York.  As such, Plaintiff cannot establish special jurisdiction over Movant under CPLR Section 302(a).  *See, Merkel Associates, Inc. v. Bellofram Corporation*, 437 F.Supp 612 (1977) [officer of corporation not subject to New York long arm statute].

**3.    Due Process Under the Constitution**

The due process clause of the United States Constitution permits a state to exercise jurisdiction over a non-resident defendant only if that defendant has "certain minimum contacts with the form such that maintenance of the suit does not offend traditionally notions of fair play and substantial justice."  *International Shoe*, 326 U.S. at 316.  A plaintiff must show both minimum contacts and fairness.  *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996).  The minimum contacts requirement ensures that a defendant is not haled into court "solely as a result of random, fortuitous, or attenuated contact."  *Burger King v. Rudzewicz,* 471 U.S. 462 (1985).

Since Plaintiff cannot establish the required minimum contacts and jurisdiction over Movant would be unfair, jurisdiction over Movant in this case would violate due process under the Constitution.  Plaintiff has distorted the facts to bolster its minimum contact argument by alleging in Paragraph 16 at Page 6 of the Complaint that  Movant executed the stock purchase agreement in New York.  As set forth in the Adir Declaration, (1) the documents were executed

10

in Europe not in New York; and (2) Movant did not execute any of the stock purchase agreement documents in his personal capacity.  The only documents executed by Movant in his personal capacity are the two letters which were directed to Plaintiff in the Netherlands.  Movant can have no reasonable expectation of jurisdiction in New York in these circumstances.  As such, Plaintiff cannot establish that it has met the minimum requirement of the Constitution to provide personal jurisdiction over Movant.

## **CONCLUSION**

It is obvious that, as to this Defendant, this is a case between two parties that each are not citizens of the United States of America and the State of New York.  In other words this is a fight as to which this jurisdiction has no interest.  The only touchstone to this jurisdiction relates to the presence of an escrow in the State of New York, and the consent to jurisdiction in New York by other parties in this case.

Based upon the above, it is respectfully contended that Plaintiff's service upon Movant is insufficient and should be quashed and that the case should be dismissed against Movant based upon the lack of personal jurisdiction over Movant.

Dated:  New York, New York            KAUFMANN, FEINER, YAMIN,
         May 30, 2008                         GILDIN & ROBBINS LLP
                                      Attorneys for Defendant Moshe Har Adir


By  _/s/ Kevin M. Shelley_____
   Kevin M. Shelley (KS8149)
   777 Third Avenue
   New York, New York 10017
   212.755.3100

   and

ROBERT M. YASPAN (Pro Hac Vice Admission Pending)
JOSEPH G. McCARTY (Of Counsel) (Pro Hac Vice Admission Pending)
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
818.774.9929