**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KPN B.V.,

                Plaintiff,

-against-

CORCYRA D.O.O., KSD PACIFIC, LLC,
MOSHE HAR ADIR and YOSSI ATTIA,

                Defendants.

**Civil Action No. 08 CV 1549 (JGK)**


**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT
FILED BY DEFENDANT KSD PACIFIC, LLC**


    Kevin M. Shelley
    KAUFMANN, FEINER, YAMIN,
    GILDIN & ROBBINS LLP
    Attorneys for Defendants
    777 Third Avenue
    New York, New York  10017
    212.755.3100

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................................1

    POINT I

        THE SUMMONS AND COMPLAINT HAVE NOT BEEN PROPERLY SERVED
        ON MOVANT AND THE ALLEGED SERVICE SHOULD BE QUASHED.........................................2

        A.   The Alleged Service On Elliot Lutzker Was Improper ...................................................................3
        B.   The Alleged Service at the Croatian Address Was Improper .............................................................3

    POINT II

        THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MOVANT............................8

CONCLUSION ........................................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Arrowsmith v. United Press Int'l.*,
   320 F.2d 219 (2d Cir. 1963) ................................................................................................3
*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   902 F.2d 194 (2d Cir. 1990) ..................................................................................................4
*Bradley v. Staubach*,
   2004 WL 830066 at 4 (S.D.N.Y. 2004)..................................................................................5
*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) ..............................................................................................................6
*Carell v. Schubert Org.*,
   104 F.Supp.2d 236 (S.D.N.Y. 2000) .....................................................................................4
*Helicopteros Nacionales de Colombia S.A. v. Hall*,
   466 U.S. 408 (1984) ..............................................................................................................3
*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ..............................................................................................................3
*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 5460 (2d Cir. 1996) ..................................................................................................6
*PDK Labs, Inc. v. Friedlander*,
   103 F.3d 1105 (2d Cir. 1997). ...............................................................................................3
*Robinson v. Overseas Military Sales Corp.*,
   21 F.3d 502 (2d Cir. 1994) ....................................................................................................3
*Sunward Elec., Inc. v. McDonald*,
   362 F.3d 17 (2d Cir. 2004) ....................................................................................................3
*The Pension Committee of the University of Montreal Pension Plan v.*
   *Banc of America Securities, LLC*,
   2006 WL 559811 (S.D.N.Y. 2006) .......................................................................................3
*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F.3d 88 (2d Cir. 2000) ....................................................................................................4

**Statutes**

CPLR Section 301 ...................................................................................................................4, 5
CPLR Section 302(a)................................................................................................................5, 6
Federal Rule of Civil Procedure 12(b)(2) ...................................................................................3

**PRELIMINARY STATEMENT**

Movant KSD Pacific, LLC ("KSD" or "Movant") hereby objects to the jurisdiction of this Court and is hereby making a special appearance for the limited purpose of contesting personal jurisdiction in this Court without waiver of its rights including but not limited its right to contest personal jurisdiction.

Movant is a Nevada Limited Liability Company with a principal place of business located in Nevada. Movant has not conducted, and does not conduct, business in New York, and has not and does not have employees, offices or bank accounts in New York.

Movant was not involved in the negotiations regarding the transaction at issue in this case. The negotiations took place in the Netherlands, Germany and California between other parties. Movant did not have any contact with New York.

Movant did not execute the stock purchase agreement attached as Exhibit 1 to the Complaint ("Agreement") that Plaintiff is attempting to enforce. The Agreement was not assigned to Movant. Movant did not agree to venue and jurisdiction in New York. Therefore, there are no minimum contacts with New York to provide the due process requirement that would support personal jurisdiction in this Court and Movant should be dismissed from the case pursuant to Fed. R. Civ. P. 12(b)(2).

Furthermore, Movant is alleged to be the successor in interest of Corcyra d.o.o. ("Corcyra"). Corcyra is concurrently filing a motion to quash service. As such, Plaintiff has failed to join and serve a necessary party to this action and the case should be dismissed or Movant should not be required to respond to the Complaint until Corcyra has been properly joined and served.

## POINT I

## **THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MOVANT**

Plaintiff has not shown any basis for its allegation of personal jurisdiction over Movant in this Court. Movant is a Nevada Limited Liability Company with an office in California. See the Declaration of Yossi Attia ("Attia Declaration"). It does not do, and has not done, business in New York. It does not have and has not had any employees, office or bank accounts in New York. *See*, "Attia Declaration" filed concurrently herewith.

Plaintiff bases its allegations regarding jurisdiction on a claim that Movant is the successor in interest to Corcyra through an alleged assignment of the Agreement. However, the Agreement prohibits assignment and states that any attempted assignment would be void. *See*, Complaint, Exhibit 1 at Page 19, Sub-Paragraph 10.2. Furthermore, the only allegations that Plaintiff makes supporting the alleged assignment are two letters from Corcyra's attorney stating that KSD would provide the funds to pay moneys due under the Agreement. There is no discussion of an alleged assignment. *See*, Complaint, Exhibits 12 and 13.

In contrast, the SEC filings that Plaintiff attached to the Complaint as Exhibits 10 and 11 document a sale of the stock, not an assignment of the Agreement. As such, Plaintiff has failed to allege sufficient contacts with New York to provide personal jurisdiction under its statutes and the due process requirement of the United States Constitution. Therefore, Movant should be dismissed from the Complaint.

A.  **Federal Rule of Civil Procedure 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") permits a defendant to challenge the Court's jurisdiction over the defendant's person.  When personal jurisdiction is challenged under Rule 12(b)(2), the Plaintiff has the burden of proving that the Court has personal jurisdiction.  *See, Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994).  When a defendant contests a plaintiff's allegation with specific testimonial evidence regarding the facts essential to jurisdiction, the plaintiff must provide evidence to the contrary or the allegation may be deemed refuted. *See, The Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC,* 2006 WL 559811 (S.D.N.Y. 2006).

B.  **Personal Jurisdiction**

Personal jurisdiction in a diversity action is determined in accordance with the law of the state where the Court sits as limited by the requirements of due process under the United States Constitution. *See, Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 223 (2d Cir. 1963).   As such, New York law, as limited by the Constitution, applies in the present case.  *See, Sunward Elec., Inc. v. McDonald*, 362 F.3d 17 (2d Cir. 2004).

As noted by the Court in *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984), "[t]he due process requirement of the Fourteenth Amendment requires that, in order for a court to exercise jurisdiction over a non-resident defendant, the defendant must have 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair plan and substantial justice.' [(quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)]." These determinations are necessarily a fact sensitive *ad hoc* determination since each case is dependant on its particular circumstances. *See, PDK Labs, Inc. v. Freidlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).

3

In the present case, Movant has had no contacts with the State of New York. The Agreement was executed by Corcyra. *See,* Attia Declaration. The Movant is a Nevada company that had but one transaction, and that transaction took place in California. See, Attia Declaration.

The Agreement prohibits assignment and any alleged assignment would be void. *See,* Complaint at Page 19, Sub-Paragraph 10.2. The two letters from Corcyra's attorney are not binding on Movant. *See,* Complaint, Exhibits 12 and 13. They merely show evidence of the source of the funds not an assignment of the agreement. Plaintiff's allegations regarding personal jurisdiction must fail under the law of the State of New York and the Constitution.

### 1. General Jurisdiction Under CPLR Section 301

Under CPLR Section 301, a defendant may be subject to the jurisdiction of New York Courts if he is doing business in New York. This standard is stringently applied since a finding of general jurisdiction permits a party to be sued for conduct wholly unconnected to its contact with the forum state if it is doing business there. *See, Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194 (2d Cir. 1990). A defendant is only subject to general jurisdiction if he doing business in New York in a "continuous, permanent, and substantial" manner. *See, Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88 (2d Cir. 2000). This requirement can be met by proof of, "(1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the existence of bank accounts or other property in New York; and (4) the presence of employees in New York." *Carell v. Schubert Org.*, 104 F.Supp.2d 236, 268 (S.D.N.Y. 2000). The court is required to look at the case as a whole to make a determination regarding general jurisdiction.

In the present case, as set forth in the Attia Declaration, Movant has never done any business in New York. It does not have employees, offices, bank accounts or any presence in New York. Plaintiff alleged at Paragraph 14 on Page 5 of the Complaint that, "[Movant]

conducts business in the State of New York." However, Plaintiff cannot provide evidence that would support a finding that Movant conducts any business in New York, much less the kind of business that would support general jurisdiction. As such, Plaintiff cannot establish general jurisdiction over Movant under CPLR Section 301.

### 2. Specific Jurisdiction Under CPLR Section 302(a)

A defendant who is not doing business within the context of CPLR Section 301 may still be sued in New York based upon a specific transaction that took place in New York. Under CPLR Section 302(a) a court may exercise specific jurisdiction over a defendant who "transacts any business within the state." In deciding whether a defendant has conducted business within New York, the court must determine whether the defendant has, "purposely avail[ed] itself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *Bradley v. Staubach,* 2004 WL 830066 at 4 (S.D.N.Y. 2004) There is no definitive test to determine if a defendant has purposely availed himself of the privilege of conducting activities in New York. The totality of the defendant's contacts must be reviewed to determine whether jurisdiction is proper.

### a. Movant is Not a Party to the Alleged Stock Purchase Agreement

As evidenced by the alleged stock purchase agreement, the documents were executed by Corcyra. Movant had no involvement in the negotiation of the stock purchase agreement. Movant has not agreed to jurisdiction in New York. *See,* Attia Declaration.

### b. The Alleged Stock Purchase Agreement Was Not Assigned to Movant

As set forth in the Attia Declaration, the alleged stock purchase agreement was not assigned to Movant. The letters from Corcyra's attorney merely indicate that KSD was prepared to provide the funds to pay under the agreement. The opening line of both letters state that the

5

letters were being sent on behalf of Mr. Lutzger's client, Corcyra. Therefore, the letters are not binding on Movant. *See,* Complaint, Exhibits 12 and 13.

The alleged stock purchase agreement is not assignable. Paragraph 10.2 of the stock purchase agreement prohibits assignment and provides that any attempted assignment is void. *See,* Complaint, Exhibit 1, Page19, Paragraph 10.2. As such, Movant is not bound by any of the terms of the alleged stock purchase agreement.

Plaintiff cannot provide evidence that would support a finding that Movant has conducted any business in New York. As such, Plaintiff cannot establish special jurisdiction over Movant under CPLR Section 302(a).

### 3. Due Process Under the Constitution

The due process clause of the United States Constitution permits a state to exercise jurisdiction over a non-resident defendant only if that defendant has "certain minimum contacts with the forum such that maintenance of the suit does not offend traditionally notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. A plaintiff must show both minimum contacts and fairness. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 5460 (2d Cir. 1996). The minimum contacts requirement ensures that a defendant is not haled into court "solely as a result of random, fortuitous, or attenuated contact." *Burger King v. Rudzewicz,* 471 U.S. 462 (1985).

Jurisdiction over Movant in this case would violate due process under the Constitution since Plaintiff cannot establish the required minimum contacts and jurisdiction over Movant would be unfair. Plaintiff has distorted the facts to bolster its minimum contact argument by alleging in Paragraph 14 at Page 6 of the Complaint that Movant was the successor in interest

6

under the alleged stock purchase agreement.  However, as set forth above, the Agreement prohibits assignment under its terms.

      Movant could not have any reasonable expectation of jurisdiction in New York in these circumstances.  As such, Plaintiff cannot establish that it has met the minimum requirement of the Constitution to provide personal jurisdiction over Movant.

## POINT II

## THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE
## TO JOIN A NECESSARY PARTY

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to challenge a complaint for failure to join a necessary party. In this case, Plaintiff has failed to properly serve a necessary party to this case. Corcyra has filed a concurrent motion challenging service. Movant's only involvement in this case is as an alleged successor-in-interest to Corcyra. As such, Corcyra is a necessary party. *See, In re Transcolor Corp.*, 296 B.R. 343 (2003). Therefore, Movant should be dismissed from the case or excused from responding to the Complaint until Corcyra has been properly joined and served.

**CONCLUSION**

This is a case between two non-New York parties: a Nevada company with an office in California, and a Netherlands utility. This jurisdiction has nothing to do with this dispute and, as no consent to jurisdiction is even alleged as against this Defendant, , it is respectfully contended that that the case should be dismissed against Movant based upon the lack of personal jurisdiction over Movant; alternatively, Movant should be excused from responding to the Complaint until Corcyra has been properly joined and served.

Dated:  New York, New York           KAUFMANN, FEINER, YAMIN,
        May 30, 2008                 GILDIN & ROBBINS LLP
                                     Attorneys for Defendant KSD Pacific, LLC


                                     By  /s/ Kevin M. Shelley
                                        Kevin M. Shelley (KS8149)
                                        777 Third Avenue
                                        New York, New York 10017
                                        212.755.3100

                                        and

                                     ROBERT M. YASPAN (Pro Hac Vice Admission Pending)
                                     JOSEPH G. McCARTY (Of Counsel) (Pro Hac Vice Admission Pending)
                                     LAW OFFICES OF ROBERT M. YASPAN
                                     21700 Oxnard Street, Suite 1750
                                     Woodland Hills, California 91367
                                     818.774.9929