1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

KPN B.V.
        Plaintiff,

 - against-

CORCYRA D.O.O.,
KSD PACIFIC, LLC,
MOSHE HAR ADIR, and
YOSSI ATTIA

        Defendants.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**REPLY TO OPPOSITION TO MOTION TO QUASH SERVICE FILED BY MOSHE HAR ADIR** (F.R. Civ. P. 12(b)(5))

Civil Action No. 08 CV 1549 (JGK)

1

Moshe Har Adir ("Adir" or "Movant") submits his Reply to the Memorandum of Law Of Plaintiff KPN B.V. in Opposition to Defendants' Motions to Quash Service of Summons and Complaint and Motions to Dismiss the Complaint (the "Opposition") as follows:

## PRELIMINARY STATEMENT REGARDING LIMITED APPEARANCE

Movant hereby objects to the sufficiency and propriety of the service of process allegedly upon him and is hereby making a special appearance for the limited purpose of contesting the service of process without making a general appearance and without waiving his rights to contest the jurisdiction of this court and otherwise, including but not limited his right to insist upon proper service of process.

## PRELIMINARY STATEMENT

The four defendants in this case are separate persons or entities and each has their own unique situation and separate defenses.  Each defendant has filed a separate motion based upon their distinct situation.  Nonetheless, Plaintiff has filed only one Opposition in an obvious effort to blur the positions of the defendants and confuse the issues before the Court.  For example, Plaintiff refers to the defendant's alleged contractual obligation as if all of the defendants are bound by an alleged contract.  However, only one defendant (Corcyra) is a party to the alleged Stock Purchase Agreement.  The allegations against all of the other defendants are, at best, tangential to or derivative of any alleged breach of the alleged Stock Purchase Agreement.  In order to understand this case, it is necessary to see through Plaintiff's attempt at artful pleading and consider each defendant's Motion in the proper perspective.

It should be noted that the Plaintiffs argument regarding the alleged express consent to service, jurisdiction and venue provision are purposely misleading. The alleged operative agreement, the Stock Purchase Agreement, itself, does <u>not</u> have a consent to service, jurisdiction or venue provision. Rather, the provision Plaintiff is relying on is located in the Escrow Agreement which has <u>not</u> been alleged to have been breached. As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case.

Plaintiff's Opposition fails to provide any viable claim that it has, in fact, provided proper service of the Summons and Complaint on Movant. The best that Plaintiff can claim is that it has attempted service by a great number of different means. Plaintiff has now added an alleged service ("New Attempt") by "registered mail" to an address in Croatia, i.e., Verdula 17, Pula, Croatia 52100 ("Croatian Address").

Plaintiff's claim regarding service fail for multiple reasons, including by not limited to: a. the belated New Attempt is not supported by a proper declaration; b. the fact that Plaintiff is still attempting service has to be construed as an admission that effective service has not been accomplished; c. Movant cannot be served at the Croatian Address; d. Movant did not sign the alleged Stock Purchase Agreement; e. the New Attempt is not proper under Rule 4; f. the alleged service and venue provision does not apply to an alleged breach of the Stock Purchase Agreement; and g. Movant is not and is not alleged to be the alter ego of Corcyra.

Plaintiff's contention regarding personal jurisdiction for Movant are equally amorphous. Most significantly, in its Complaint, Plaintiff does not allege that Movant is an alter ego of Corcyra or any other party. The alter ego argument appears only in the

3

Opposition and is not supported by the allegations of the Complaint or any evidence. In the Complaint, the allegations against Movant are limited to breaches of the alleged guaranty letters (the "Adir Letters"). However, as set forth in the Motion, the Adir Letters are not guaranties. Rather, they are source of funds – intent to loan documents. The letters merely show an intent and ability to provide funds to Corcyra which could be used to fund the Stock Purchase Agreement. There is no promise that Movant will perform on the Stock Purchase Agreement or pay damages in the event of a breach. The Adir Letters do not bind Movant to any provisions of the Stock Purchase Agreement (or Escrow Agreement). The Adir Letters are addressed to KPN's address in the Netherlands. Plaintiff has not and cannot establish the necessary minimum contacts with New York that would provide personal jurisdiction in this Court.

## POINT I

## THE SUMMONS AND COMPLAINT HAVE NOT BEEN PROPERLY SERVED ON MOVANT AND THE ALLEGED SERVICE SHOULD BE QUASHED

Plaintiff has ignored the basic principal that proper service of process is necessary to bring a defendant before the court. As set forth by the court in Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct.404 (1987), "[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Service is the basic requirement necessary to call a defendant before a court. Plaintiff has the burden to establish proper service of process. See, Saez Rivera v. Nissan Manufacturing Co., 788 F2d 819 (1986).

The Motion sets forth Movant's arguments regarding the various attempts at service alleged by Plaintiff. Plaintiff has failed to provide proper service under the law

4

and even under the alleged Escrow Agreement provision Plaintiff is relying on. The Opposition, at best, only makes a half-hearted attempt to allege proper service on Movant. Mr. Lutzger was not authorized to accept service and there is absolutely no evidence before the Court that he even represented Movant. There is no provision under Rule 4 or any alleged agreement for service via Federal Express. See, Magnuson v. Video Yesteryear, 85 F.3d 1424 (1996). Plaintiff's only argument in this regard is that it has attempted service by many means. However, the number of different means of attempted service cannot cure improper service.

### A. The Alleged Service, Jurisdiction and Venue Provision Does Not Apply to an Alleged Breach of the Stock Purchase Agreement

Plaintiff's argument regarding the alleged express consent to service, jurisdiction and venue provision is purposely misleading. The alleged Stock Purchase Agreement, itself, does not have a consent to service, jurisdiction or venue provision. As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case.

It should be noted that the provision Plaintiff is relying on is in the Escrow Agreement which is attached to the Stock Purchase Agreement as an unsigned exemplar. Furthermore, the Escrow Agreement has not been alleged to have been breached. See, Complaint at Pages 18-19, Paragraph 60. Rather, Plaintiff has alleged that the Stock Purchase Agreement has been breached.

The Escrow Agreement involves an additional party i.e. J.P. Morgan Chase Bank N.A. ("Morgan") which is most probably located in the State of New York. As such, the inclusion of a consent to service, jurisdiction and venue in the Escrow Agreement makes

5

sense and was included for Morgan's benefit. Morgan is not a party to this case.

### B. Movant is Not Bound by the Terms of the Alleged Stock Purchase Agreement

As set forth in the Motion, the alleged Stock Purchase Agreement was executed by Corcyra. Movant executed the documents in his capacity as a corporate officer. As such, Movant is not bound by the terms of the Stock Purchase Agreement and Escrow Agreement.

### C. Movant is Not and is Not Alleged to be the Alter Ego of Corcyra

Plaintiff is now contending, for the first time, in its Opposition that Movant has consented to service under the Escrow Agreement because Corcyra is his alter ego. However, in its Complaint, Plaintiff does <u>not</u> allege that Movant is an alter ego of Corcyra or any other party. In fact, as set out more fully below, the allegations of the Complaint are contradictory to any alter ego status for Movant.

### D. Elliot Lutzger is Not an Agent for Service of Process for Movant

As set forth in the Motion, Mr. Lutzger is not Movant's attorney and is not authorized to accept service. An attorney will not be assumed to be authorized to accept service. The fact that Mr. Lutzger was listed under a notice provision in some SEC filings for some of the co-defendants and under the alleged Stock Purchase Agreement does not establish that he is somehow authorized to accept service of process on behalf of Movant or any of the co-defendants.

### E. The Belated New Attempt is Not Proper Service

Plaintiff is now claiming an additional attempt at service. Plaintiff has submitted a Declaration of Jacob S. Pultman ("Pultman Declaration") to which is attached as Exhibit

6

3 an alleged proof of service by "registered mail" dated June 18, 2008 (the "New Attempt"). Although the declaration re service was made after the filing of the Motion and Movant has not had time to fully review all of the facts, in the interest of judicial economy, Movant will respond to Plaintiff's declaration.

The New Attempt does not provide any evidence that service was accomplished. There is no return receipt or other record showing that the Summons and Complaint was delivered and no record showing who received any alleged service. Therefore, the New Attempt is not effective service as set forth below.

Even more to the point, as set forth in the Adir Declaration, Movant resides in Israel and the Croatian Address is not Movant's address, place of residence, domicile or business address.

F.     **The New Attempt is Not Proper Service Under Rule 4**

Even considering the alleged New Attempt, Plaintiff has failed to provide effective service under the Federal Rules. Federal Rule of Civil Procedure 4(f) provides that international service upon an individual shall be effected as provided by international agreement or as provided by the foreign country's law. Under Croatian law, service can be performed by a local agent (attorney) or through letters rogatory with a document translated into Croatian or by international registered mail with a returned receipt signed by the party.

Federal Rule of Civil Procedure 4(f)(2)(C)(2) provides for service by registered mail <u>with a return receipt</u>. Certainly, the requirement of a return receipt has to mean that service is not completed until the return receipt has been signed. The return receipt establishes actual receipt (assuming it is signed by the proper party) and the date of

7

service. Without the receipt there is no way to establish effective service by registered mail. As such, Plaintiff has failed to provide effective service under the Federal Rules.

### G.     The Fact That Plaintiff is Still Attempting Service Should be Construed as an Admission That Effective Service has not Been Accomplished

Plaintiff's continuing attempts to provide service should be construed as an acknowledgment and admission that it has failed to provide proper service. As set forth in the Motion, the only thing notable about Plaintiff's attempts at service is the shear number of attempts. However, as set forth in the Motion none of the attempts meets the standards of proper service under the applicable law. Plaintiff apparently wants this Court to believe that quantity can substitute for proper service. However, proper service is necessary before the Court has jurisdiction over a defendant. Plaintiff's continued attempts to provide service should be construed as an acknowledgement that it has not provided proper service and the Motion should be granted.

## POINT II

## THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MOVANT

Plaintiff has failed to make any viable argument supporting personal jurisdiction over Movant in this Court. As set forth in the Motion, Movant does not do and has not done business in the State of New York. The alleged Stock Purchase Agreement was signed in the capacity of a corporate officer of Corcyra. The alleged source of funds letters were addressed to Plaintiff in the Netherlands ("Adir Letters") alleged copies of which are attached to the Complaint as Exhibits 7 and 8. There is no consent to jurisdiction, venue or service in the Adir Letters. The Stock Purchase Agreement is an integrated contract which does not bind Movant; does not contain a consent to

8

jurisdiction; and does not make any reference to an alleged guaranty. As such, Plaintiff has failed to make any legitimate argument supporting jurisdiction over Movant.

In an attempt to create jurisdiction, even though such is not alleged in the Complaint or supported by any evidence, Plaintiff is now attempting to argue in the Opposition that jurisdiction exists under an alter ego theory. The only claim against Movant in the Complaint, the Second Cause of Action, involves an alleged guaranty based upon the Adir Letter. No claim is based upon any alleged alter ego status. As such, any alleged alter ego status cannot provide personal jurisdiction over Movant regarding the cause of action in the Complaint.

    **A.**     **Plaintiff's Alter Ego Argument is Not Supported by the Allegations in the Complaint or any Evidence**

    **1. The Allegations of the Complaint Contradict Plaintiff's Opposition**

The allegations against Movant in the Complaint are limited to breaches of the alleged guaranty letters (the "Adir Letters"). Plaintiff does not allege that Movant is an alter ego of Corcyra or any other party. In fact, the allegations of the Complaint are contradictory to any alter ego status for Movant.

The only alter ego allegations in the Complaint are conclusory allegations against Attia and KSD. Both are alleged to be the alter egos of Corcyra. Attia is alleged to have full ownership and control of Corcyra. The allegations of the Complaint and the attached Exhibits confirm that Movant properly observed the formalities of the corporate status of Corcyra. There are no allegations of inadequate capitalization, lack of formality or fraudulent activity regarding Movant.

    2**. The Allegations of the Complaint are Inadequate to Establish any Alter**

**Ego Theory**

The court in <u>Leykis v. NYP Holdings, Inc</u>., 899 F.Supp. 986, 991 (E.D.N.Y 1995) stated, "[w]hile specificity may not be required to plead an alter ego theory, one must allege more than ownership, shareholder or partnership status." <u>Id</u> at 992.  There are not even any conclusory allegations of alter ego status against Movant, much less any kind of specific fact based allegations or evidence.

**B.  Movant's Status as a Corporate Officer Does Not Provide Jurisdiction in This Court.**

Contrary to Plaintiff argument, the status a corporate officer, agent or owner does not automatically provide jurisdiction in a court that may have jurisdiction over a corporation.  <u>See</u>, <u>Merck & Co., Inc. v. Mediplan Health Consulting, Inc</u>., 425 F.Supp.2d 402, 419 (2006).  To hold such would be contrary to the law and public policy regarding corporate status.  The cases that Plaintiff relies on are actually dealing with the limits of the "fiduciary shield doctrine".  In reality, the issues in the cases cited by Plaintiff are alter ego or fraud performed outside of corporate officer capacity.  There are no such allegations in the Complaint and no evidence of any fraud or alter ego status against Movant.  Therefore, the cases Plaintiff cited involving jurisdiction over corporate officers and owners do not apply.

**C.     The Alleged Guaranty Does Not Provide Personal Jurisdiction Over Movant**

The alleged guaranties (the Adir Letters) do not provide personal jurisdiction over Movant because they are not actually guaranties and there is no consent to jurisdiction in the Adir Letters.   Even if the Court were to consider the Adir Letters as guaranties, a

10

guarantor of a non-residents obligation will not be construed to have consented to jurisdiction under applicable New York law.

The court in <u>Bank of Tokyo-Misubishi, Ltd., New York Branch v. Kvaerner</u>, 243 A.D.2d 1, 671 N.Y.S.2d. 905, 908, stated, " 'New York may not extend long-arm jurisdiction over a non-domiciliary who was never physically present in New York, and who never agreed to provide goods or services here [in New York], other than a promise . . . that he would make good if a corporation of another state defaulted on its debt.' . . . the mere furnishing of a guaranty by a non-domiciliary on behalf of a foreign corporation does not serve to confer in personam jurisdiction upon our courts [cites omitted]." The <u>Kvaerner</u> court also stated, "[o]rdinarily, a guaranty, even if contemporaneously executed, is considered a distinct obligation." <u>Id</u> at 909. The Kvaerner court dismissed the case against a guarantor of the performance of a contract based upon its lack of jurisdiction. <u>See also</u>, <u>First National Bank and Trust Company v. Charles J. Wilson</u>, 171 A.D.2d 616, 567 N.Y.S.2d 468 (1991) and <u>Quebecor World (USA), Inc. v. Harsha Associates</u>, L.L.C., 455 F.Supp.2d 236 (2006).

The cases Plaintiff relies on do not apply because they involve guaranties for the <u>benefit of parties that are located in New York</u> . In the present case, the alleged guaranty would be for the benefit of a corporation located in the Netherlands. As such, this Court does not have jurisdiction over Movant based upon any alleged guaranty.

    D.    **The Alleged Service, Jurisdiction and Forum Consent Provision Does Not Apply to Alleged Breaches of the Stock Purchase Agreement**

As set forth more fully above, the alleged Stock Purchase Agreement, itself, does <u>not</u> have a consent to service, jurisdiction or venue provision. The Stock Purchase

11

Agreement is an integrated contract. As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case. Plaintiff's argument is purposely misleading since the provision it relies on is <u>not</u> found in the Stock Purchase Agreement. Rather it is in the Escrow Agreement which has not been alleged to have been breached. <u>See</u>, the Complaint at Pages 18-19, Paragraph 60. The only breach allegation is directed to the Stock Purchase Agreement.

      E.    **The Alleged Service, Jurisdiction and Forum Consent Provision Does Not Apply to Alleged Breaches of the Adir Letter**

The allegations against Movant are limited to breaches of the alleged guaranty letters (the "Adir Letters") which do not contain any provision for consent to service, jurisdiction or forum. As such, this Court does not have personal jurisdiction over Movant regarding the claim against him for the alleged breach of the alleged guaranties.

      F.    **Movant is Not Subject to the Personal Jurisdiction of this Court**

As set forth in the Motion, Plaintiff has failed to establish the minimum contacts necessary to establish personal jurisdiction in this Court. Movant has not done business in the State of New York and has not ever resided in the State of New York. The Stock Purchase Agreement and Escrow Agreement were executed in the capacity of a corporate officer. The Adir Letters were addressed to the Netherlands and do not have a consent to jurisdiction or venue provision. The alter ego, corporate officer and alleged guaranty issues are addressed above. As such, this case should be dismissed based upon the lack of personal jurisdiction over Movant.

## CONCLUSION

Based upon the above, it is respectfully contended that Plaintiff's service upon Movant is insufficient and should be quashed and that the Complaint should be dismissed for lack of jurisdiction over Movant.

Dated:  New York, New York        KAUFMANN, FEINER, YAMIN,
        July 7, 2008                    GILDIN & ROBBINS LLP
                                              Attorneys for Defendant Corcyra D.O.O.


By _/s/ Kevin M. Shelley_____
   Kevin M. Shelley (KS8149)
   777 Third Avenue
   New York, New York 10017
   (212)755.3100

   and

ROBERT M. YASPAN (Admitted Pro Hac Vice)
JOSEPH G. McCARTY (Of Counsel) (Admitted Pro Hac Vice)
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
(818) 774.9929

13