1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – –

KPN B.V.

                 Plaintiff,

   - against-

CORCYRA D.O.O.,
KSD PACIFIC, LLC,
MOSHE HAR ADIR, and
YOSSI ATTIA

                Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – –

**REPLY TO OPPOSITION TO MOTION TO DISMISS FILED BY YOSSI ATTIA**
(F.R. Civ. P. 12(b)(6) and (7))

Civil Action No. 08 CV 1549 (JGK)

1

Yossi Attia ("Attia" or "Movant") submits his Reply to the Memorandum of Law Of Plaintiff KPN B.V. in Opposition to Defendants' Motions to Quash Service of Summons and Complaint and Motions to Dismiss the Complaint (the "Opposition") as follows:

## **PRELIMINARY STATEMENT**

The four defendants in this case are separate persons or entities and each has their own unique situation and separate defenses. Each defendant has filed a separate motion based upon their distinct situation. Nonetheless, Plaintiff has filed only one Opposition in an obvious effort to blur the positions of the defendants and confuse the issues before the Court. For example, Plaintiff refers to the defendant's alleged contractual obligation as if all of the defendants are bound by an alleged contract. However, only one defendant (Corcyra) is a party to the alleged Stock Purchase Agreement. The allegations against all of the other defendants are, at best, tangential to or derivative of any alleged breach of the alleged Stock Purchase Agreement. In order to understand this case, it is necessary to see through Plaintiff's attempt at artful pleading and consider each defendant's Motion in the proper perspective.

It should be noted that the Plaintiffs argument regarding the alleged express consent to service, jurisdiction and venue provision rely on a provision that is located in the Escrow Agreement which has <u>not</u> been alleged to have been breached. As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case.

Movant, Yossi Attia is not a party to any of the agreements at issue in this case. Plaintiff's only claim against Movant is based upon bare allegations that he is the alter

ego of two of the co-defendants [KSD Pacific, LLC ("KSD") and Corcyra D.O.O. ("Corcyra") (collectively co-Defendants)]. As set forth in the Motion, Plaintiff has failed to allege any factual basis for the alter ego theory. There are not any allegations of lack of formality, undercapitalization or co-mingling of assets. There are no allegations that the alter ego claim is necessary to prevent an injustice. The Exhibits that are attached to the Complaint show that Plaintiff was not relying on any assets of Corcyra for security. Plaintiff is attempting to misuse an alter ego theory to improve it's bargained for position under the alleged stock purchase agreement.

Additionally, Plaintiff has failed to serve and/or establish jurisdiction over the co-Defendants which are necessary parties to any alter ego theory. In short, Plaintiff's allegations fail to state any viable cause of action against Movant and the case should be dismissed under Federal Rule of Civil Procedure Rules 12(b)(6) ["Rule 12(b)(6)"] and 12(b)(7) ["Rule 12(b)(7)"].

<center>

**POINT I**

**THIS COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CAUSE OF ACTION AGAINST MOVANT**

</center>

Plaintiff fails to seriously address the issues raised in the Motion. As set forth in the Motion, Plaintiff has failed to provide sufficient factual pleading to support its conclusory claim that Movant is the alter ego of Corcyra and KSD. Instead of discussing the sufficiency of the pleadings in the Complaint, Plaintiff's Opposition attempts to supplement its argument by referring to claims that are not alleged in the Complaint.

A.  **Alter Ego Factors**

The Opposition fails to discuss how the allegations of the Complaint establish the

<center>3</center>

factors that are necessary under an alter ego theory.  Plaintiff simply recites some of the factors but fails to apply the factors to the allegations in the Complaint.  Instead, Plaintiff argues about claims that are not alleged in the Complaint.

Plaintiff argument that Movant "dominated" KSD is not alleged in the Complaint.  Mutants "own personal agenda" is not plead in the Complaint.  There are no allegations that Movant "misused corporate forms."   There is no allegation that Movant was "seeking to increase his personal holdings in EuroWeb."  In short, Plaintiffs Opposition is based primarily on allegations that are <u>not</u> in the Complaint.

Plaintiff has failed to make any specific factual allegations of the relevant factors that could support an alter ego theory in its Complaint.  The court in <u>Leykis v. NYP Holdings, Inc</u>., 899 F.Supp. 986, 991 (E.D.N.Y 1995) stated "[w]hile specificity may not be required to plead and alter ego theory, one must allege more than ownership, shareholder or partnership status."

The factual allegations of the Complaint, as confirmed by the attached exhibits, evidence a proper respect for the corporate formalities.  The stock purchase contracts and the amendments were properly executed by officers of the contracting parties.  The alter ego allegations are merely conclusory allegations that are contradicted by the factual allegation and the attached exhibits.

      B.    **Plaintiff Has Failed to Establish any Injustice**

In the present case, Plaintiff has failed to allege any facts that show that an alter ego theory is necessary to prevent injustice.   The alter ego theory is an equitable remedy that will only be applied to prevent injustice.  See, <u>Fletcher v. Atex, Inc</u>., 68 F.3d 1451, 1458 (2nd Cir.1995).   There is no clear claim of injustice except a vague implication that

that Plaintiff may not be able to recover on a judgment. However, that is precisely the way the deal was structured. Plaintiff was aware that Corcyra did not have significant assets. There was not restriction on the sale of the stock and Plaintiff did not take any security interest in the stock that was transferred. The stock that was not paid for was held in escrow. That was Plaintiff's bargained for security. It is not an injustice to get what you bargained for.

## POINT II
## THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN A NECESSARY PARTY

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to challenge a complaint for failure to join a necessary party. In this case, Plaintiff has failed to get jurisdiction and/or properly serve necessary parties to this case. Co-Defendants (Corcyra and KSD) have filed concurrent motions challenging jurisdiction and service. Movant's only involvement in this case is as an alleged alter ego of the Co-Defendants. As such, Co-Defendants are necessary parties. In re Transcolor Corp., 296 B.R. 343, 358 (2003) Therefore, Movant should be dismissed from the case or excused from responding to the Complaint until the Co-Defendants have been properly joined and served.

## CONCLUSION

Based upon the above, it is respectfully contended that the Complaint should be dismissed, because Plaintiff has failed to plead a viable cause of action against Movant, and Plaintiff has failed to join necessary parties alternatively, Movant should be excused from responding to the Complaint until Corcyra and KSD has been properly joined and served.

Dated:  New York, New York          KAUFMANN, FEINER, YAMIN,
       July 7, 2008                                     GILDIN & ROBBINS LLP


Attorneys for Defendant Corcyra D.O.O.

By _/s/ Kevin M. Shelley_____
   Kevin M. Shelley (KS8149)
   777 Third Avenue
   New York, New York 10017
   (212)755.3100

   and

ROBERT M. YASPAN (Admitted Pro Hac Vice)
JOSEPH G. McCARTY (Of Counsel) (Admitted Pro Hac Vice)
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
(818) 774.9929