UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

KPN B.V.

                        Plaintiff,

   - against-

CORCYRA D.O.O.,                           **REPLY TO OPPOSITION TO**
KSD PACIFIC, LLC,                         **MOTION TO QUASH SERVICE**
MOSHE HAR ADIR, and                **FILED BY CORCYRA D.O.O**
YOSSI ATTIA                                (F.R. Civ. P. 12(b)(5))

                    Defendants.      Civil Action No. 08 CV 1549 (JGK)
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

1

Corcyra d.o.o ("Cocyra" or "Movant") submits its Reply to the Memorandum of Law Of Plaintiff KPN B.V. in Opposition to Defendants' Motions to Quash Service of Summons and Complaint and Motions to Dismiss the Complaint (the "Opposition") as follows:

## PRELIMINARY STATEMENT REGARDING LIMITED APPEARANCE

Movant hereby objects to the sufficiency and propriety of the service of process allegedly upon it and is hereby making a special appearance for the limited purpose of contesting the service of process without making a general appearance and without waiving its rights to contest the jurisdiction of this court and otherwise, including but not limited its right to insist upon proper service of process.

## PRELIMINARY STATEMENT

The four defendants in this case are separate persons or entities and each has their own unique situation and separate defenses. Each defendant has filed a separate motion based upon their distinct situation. Nonetheless, Plaintiff has filed only one Opposition in an obvious effort to blur the positions of the defendants and confuse the issues before the Court. For example, Plaintiff refers to the defendant's alleged contractual obligation as if all of the defendants are bound by an alleged contract. However, only Cocyra is a party to the alleged Stock Purchase Agreement. The allegations against all of the other defendants are, at best, tangential to or derivative of any alleged breach of the alleged Stock Purchase Agreement. In order to understand this case, it is necessary to see through Plaintiff's attempt at artful pleading and consider each defendant's Motion in the proper perspective.

It should be noted that the Plaintiffs argument regarding the alleged express consent to service, jurisdiction and venue provision are purposely misleading. The alleged operative agreement, the Stock Purchase Agreement, itself, does <u>not</u> have a consent to service, jurisdiction or venue provision. Rather, the provision Plaintiff is relying on is located in the Escrow Agreement which has <u>not</u> been alleged to have been breached. As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case.

Plaintiff's Opposition fails to provide any viable claim that it has, in fact, provided proper service of the Summons and Complaint on Movant. The best that Plaintiff can claim is that it has attempted service by a great number of different means. Plaintiff has now added an alleged service ("New Attempt") by "registered mail" to an address in Croatia, i.e., Verdula 17, Pula, Croatia 52100 ("Croatian Address").

Plaintiff's claim regarding service fail for multiple reasons, including by not limited to: a. the belated New Attempt is not supported by a proper declaration of service; b. the fact that Plaintiff is still attempting service has to be construed as an admission that effective service has not been accomplished; c. the New Attempt is not proper under Rule 4; and d. the alleged service and venue provision does not apply to an alleged breach of the Stock Purchase Agreement.

**POINT I**

<u>**THE SUMMONS AND COMPLAINT HAVE NOT BEEN PROPERLY SERVED ON MOVANT AND THE ALLEGED SERVICE SHOULD BE QUASHED**</u>

Plaintiff has ignored the basic principal that proper service of process is necessary to bring a defendant before the court. As set forth by the court in <u>Omni Capital</u>

International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct.404 (1987), "[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Service is the basic requirement necessary to call a defendant before a court. Plaintiff has the burden to establish proper service of process. See, Saez Rivera v. Nissan Manufacturing Co., 788 F2d 819 (1986).

The Motion sets forth Movant's arguments regarding the various attempts at service alleged by Plaintiff. Plaintiff has failed to provide proper service under the law and even under the alleged Escrow Agreement provision Plaintiff is relying on. The Opposition, at best, only makes a half-hearted attempt to allege proper service on Movant. Mr. Lutzger was not authorized to accept service for Movant. There is no provision under Rule 4 or any alleged agreement for service via Federal Express. See, Magnuson v. Video Yesteryear, 85 F.3d 1424 (1996). Plaintiff's only argument in this regard is that it has attempted service by many means. However, the number of different means of attempted service cannot cure improper service.

### A. The Alleged Service, Jurisdiction and Venue Provision Does Not Apply to an Alleged Breach of the Stock Purchase Agreement

Plaintiff's argument regarding the alleged express consent to service, jurisdiction and venue provision is purposely misleading. The alleged Stock Purchase Agreement, itself, does not have a consent to service, jurisdiction or venue provision. As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case.

It should be noted that the provision Plaintiff is relying on is in the Escrow Agreement which is attached to the Stock Purchase Agreement as an unsigned exemplar.

4

Furthermore, the Escrow Agreement has not been alleged to have been breached.  See, Complaint at Pages 18-19, Paragraph 60.  Rather, Plaintiff has alleged that the Stock Purchase Agreement has been breached.

The Escrow Agreement involves an additional party i.e. J.P. Morgan Chase Bank N.A. ("Morgan") which is most probably located in the State of New York. As such, the inclusion of a consent to service, jurisdiction and venue in the Escrow Agreement makes sense and was included for Morgan's benefit.  Morgan is not a party to this case.

### B.    Elliot Lutzger is Not an Agent for Service of Process for Movant

As set forth in the Motion, Mr. Lutzger is not authorized to accept service on behalf of Movant.  An attorney will not be assumed to be authorized to accept service. The fact that Mr. Lutzger was listed under a notice provision in some SEC filings for some of the co-defendants and under the alleged Stock Purchase Agreement does not establish that he is somehow authorized to accept service of process on behalf of Movant or any of the co-defendants.

### C.    The Belated New Attempt is Not Proper Service

Plaintiff is now claiming an additional attempt at service. Plaintiff has submitted a Declaration of Jacob S. Pultman ("Pultman Declaration") to which is attached as Exhibit 3 an alleged proof of service by "registered mail" dated June 18, 2008 (the "New Attempt").   Although the declaration re service was made after the filing of the Motion and Movant has not had time to fully review all of the facts, in the interest of judicial economy, Movant will respond to Plaintiff's declaration.

The New Attempt does not provide any evidence that service was accomplished. There is no return receipt or other record showing that the Summons and Complaint was

5

delivered and no record showing who received any alleged service. Therefore, the New Attempt is not effective service as set forth below.

Even more to the point, as set forth in the Adir Declaration, Movant resides in Israel and the Croatian Address is not Movant's address, place of residence, domicile or business address.

### D. The New Attempt is Not Proper Service Under Rule 4

Even considering the alleged New Attempt, Plaintiff has failed to provide effective service under the Federal Rules. Federal Rule of Civil Procedure 4(f) provides that international service upon an individual shall be effected as provided by international agreement or as provided by the foreign country's law. Under Croatian law, service can be performed by a local agent (attorney) or through letters rogatory with a document translated into Croatian or by international registered mail with a returned receipt signed by the party.

Federal Rule of Civil Procedure 4(f)(2)(C)(2) provides for service by registered mail <u>with a return receipt</u>. Certainly, the requirement of a return receipt has to mean that service is not completed until the return receipt has been signed. The return receipt establishes actual receipt (assuming it is signed by the proper party) and the date of service. Without the receipt there is no way to establish effective service by registered mail. As such, Plaintiff has failed to provide effective service under the Federal Rules.

### E. The Fact That Plaintiff is Still Attempting Service Should be Construed as an Admission That Effective Service has not Been Accomplished

Plaintiff's continuing attempts to provide service should be construed as an acknowledgment and admission that it has failed to provide proper service. As set forth

in the Motion, the only thing notable about Plaintiff's attempts at service is the shear number of attempts. However, as set forth in the Motion none of the attempts meets the standards of proper service under the applicable law. Plaintiff apparently wants this Court to believe that quantity can substitute for proper service. However, proper service is necessary before the Court has jurisdiction over a defendant. Plaintiff's continued attempts to provide service should be construed as an acknowledgement that it has not provided proper service and the Motion should be granted.

## CONCLUSION

Based upon the above, it is respectfully contended that Plaintiff's service upon Movant is insufficient and should be quashed and that the Complaint should be dismissed for lack of jurisdiction over Movant.

Dated: New York, New York  
       July 7, 2008

KAUFMANN, FEINER, YAMIN,  
GILDIN & ROBBINS LLP  
Attorneys for Defendant Corcyra D.O.O.

By _/s/ Kevin M. Shelley_____  
  Kevin M. Shelley (KS8149)  
  777 Third Avenue  
  New York, New York 10017  
  (212)755.3100

  and

ROBERT M. YASPAN (Admitted Pro Hac Vice)  
JOSEPH G. McCARTY (Of Counsel) (Admitted Pro Hac Vice)  
LAW OFFICES OF ROBERT M. YASPAN  
21700 Oxnard Street, Suite 1750  
Woodland Hills, California 91367  
(818) 774.9929