UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

KPN B.V.

                Plaintiff,

    - against-

CORCYRA D.O.O.,
KSD PACIFIC, LLC,
MOSHE HAR ADIR, and
YOSSI ATTIA

                Defendants.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**REPLY TO OPPOSITION TO
MOTION TO DISMISS
FILED BY KSD PACIFIC, LLC**
(F.R. Civ. P. 12(b)(2) and (7))

Civil Action No. 08 CV 1549 (JGK)

KSD Pacific, LLC ("KSD" or "Movant") submits its Reply to the Memorandum of Law Of Plaintiff KPN B.V. in Opposition to Defendants' Motions to Quash Service of Summons and Complaint and Motions to Dismiss the Complaint (the "Opposition") as follows:

**PRELIMINARY STATEMENT REGARDING<br>LIMITED APPEARANCE**

Movant hereby objects to the jurisdiction of this Court and is hereby making a special appearance for the limited purpose of contesting personal jurisdiction in this Court without waiver of its rights including but not limited its right to contest personal jurisdiction.

**PRELIMINARY STATEMENT**

The four defendants in this case are separate persons or entities and each has their own unique situation and separate defenses. Each defendant has filed a separate motion based upon their distinct situation. Nonetheless, Plaintiff has filed only one Opposition in an obvious effort to blur the positions of the defendants and confuse the issues before the Court. For example, Plaintiff refers to the defendant's alleged contractual obligation as if all of the defendants are bound by an alleged contract. However, only one defendant (Corcyra) is a party to the alleged Stock Purchase Agreement. The allegations against all of the other defendants are, at best, tangential to or derivative of any alleged breach of the alleged Stock Purchase Agreement. In order to understand this case, it is necessary to see through Plaintiff's attempt at artful pleading and consider each defendant's Motion in the proper perspective.

It should be noted that the Plaintiffs argument regarding the alleged express consent to service, jurisdiction and venue provision are purposely misleading. The

alleged operative agreement, the Stock Purchase Agreement, itself, does <u>not</u> have a consent to service, jurisdiction or venue provision.  Rather, the provision Plaintiff is relying on is located in the Escrow Agreement which has <u>not</u> been alleged to have been breached.   As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case.

Plaintiff's contention regarding personal jurisdiction over Movant is based upon conclusory allegations that are contradicted by exhibits attached to the complaint and are not supported by any evidence.  Plaintiff's Opposition attempts to gloss over this issue by claiming now that Movant has merged with or is a subsidiary of Corcyra.  However, this argument is also contradicted by the exhibits and other evidence that shows a clear separation and respect for the formalities of the corporate entities.

Plaintiff has not and cannot establish the necessary minimum contacts with New York that would provide personal jurisdiction in this Court and the Motion should be granted.

## POINT I

## <u>THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MOVANT</u>

Plaintiff has failed to make any viable argument supporting personal jurisdiction over Movant in this Court.  As set forth in the Motion, Movant does not do and has not done business in the State of New York.  Movant has not executed any of the alleged agreements in this case.   The Stock Purchase Agreement has not been assigned to Movant.  There are no allegations or evidence supporting any claim that Movant has merged with or is a subsidiary of Corcyra.  Movant has not consented to jurisdiction,

venue or service.  As such, Plaintiff has failed to make any legitimate argument supporting jurisdiction over Movant.

In an attempt to create jurisdiction, Plaintiff has relied on bare allegations of an alleged alter ego status and that Movant was the "successor in interest" of Corcyra. However, as set forth in the Motion, Plaintiff has failed to properly allege an alter ego argument against Movant; the Stock Purchase Agreement bars assignment; and the Stock Purchase Agreement has not been assigned.  The exhibits that are attached to the complaint provide evidence of a sale of the Euroweb stock not an assignment or other transfer of the Stock Purchase Agreement.

In its Opposition, Plaintiff is now attempting to bolster its allegations by claiming that Movant has merged with or is a subsidiary of Corcyra.   However, the Complaint and evidence submitted by Plaintiff contradicts its argument.

**A.    Plaintiff's Alter Ego Argument is Not Supported by the Allegations in the Complaint or any Evidence**

As set forth in the Motion, the only alter ego allegations in the Complaint are conclusionary allegations against Movant and Attia.  Both are alleged to be the alter egos of Corcyra.  However, the allegations of the Complaint and the attached Exhibits confirm that Attia and Adir properly observed the formalities of the corporate status of Corcyra. There are no allegations of inadequate capitalization, lack of formality or fraudulent activity regarding Movant.  The court in <u>Leykis v. NYP Holdings, Inc</u>., 899 F.Supp. 986, 991 (E.D.N.Y 1995) stated, "[w]hile specificity may not be required to plead an alter ego theory, one must allege more than ownership, shareholder or partnership status." <u>Id</u> at 992.

**B.     Movant has not Admitted That it is Bound to the Stock Purchase Agreement**

Plaintiff continues to argue that Movant is bound by the terms of the Stock Purchase Agreement based upon the letters from Elliot Lutzger. See, Complaint Exhbits 12 and 13.   However, Mr. Lutzger does not claim to represent Movant and there is no indication that he has any authority to bind anyone.  The client is identified as Corcyra. Mr. Lutzger's letter cannot be construed as an admission by Movant.

Additionally, Mr. Lutzger's letter cannot establish jurisdiction in this Court based upon any alleged activity in New York since he is not representing Movant.  The SEC filings simply list Mr. Lutzger as a person authorized to receive notice with regard to the filing.

**C.     The Case-law Cited by Plaintiff Does Not Apply to This Case**

The case-law that Plaintiff is relying on in its Opposition does not apply to this case.

Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117 (1984) involved a wholly owned subsidiary.  Brentsun Realty Corp. v. D'Urso Supermarkets, Inc., A.D.2d 604, 582 N.Y.S.2d 216 (1992)  involved the merger of a parent and subsidiary.  There is no merger in the present case and Corcyra is not a subsidiary.

In Int'l Private Sattelite Partners, L.P. v Lucky Cat Ltd., 975 F.Supp. 483 (1997), the original party ceased doing business and the "successor" continued the operation of the business.  In the present case, Corcyra is still in business and Movant has not taken over Corcyra's business.

In <u>Packer v. TDI Sys</u>., 959 F.Supp. 192 (S.D.N.Y. 1997), the complaint contained specific allegations of the disregard of corporate status, lack of formality and fraud that are not alleged in the present case. In the present case, the Complaint only has conclusinonary allegations regarding the alter ego theories and there is no factually specific allegation or evidence supporting the claim.

In <u>Societe Anonyme Dauphitex v. Schoenfelder Corp</u>., No. 07 Civ. 489, 2007 WL 3253592 (S.D.N.Y. 2007), the court considered a defacto merger based upon continued operations, place of business so on. None of these factors are present in this case.

The court in <u>Schymacher v. Richard Shear Co</u>., 59 N.Y.2d 239, 451 N.E.2d 195, 464 N.Y.S.2d 437 (1983) is discussing the exceptions to the general rule that a purchaser does not assume the liabilities of a seller. None of the exceptions are present in this case.

D. **The Alleged Service, Jurisdiction and Forum Consent Provision Does Not Apply to Alleged Breaches of the Stock Purchase Agreement**

The alleged Stock Purchase Agreement, itself, does <u>not</u> have a consent to service, jurisdiction or venue provision. The Stock Purchase Agreement is an integrated contract. As such, the parties did not agree to an express consent to service, jurisdiction or venue that is applicable to this case. Plaintiffs argument is purposely misleading since the provision it relies on is <u>not</u> found in the Stock Purchase Agreement. Rather it is in the Escrow Agreement which has not been alleged to have been breached. <u>See</u>, the Complaint at Pages 18-19, Paragraph 60. The only breach allegation is directed to the Stock Purchase Agreement.

E. **Movant is Not Subject to the Personal Jurisdiction of This Court**

As set forth in the Motion, Plaintiff has failed to establish the minimum contacts

necessary to establish personal jurisdiction in this Court. Movant has not done business in the State of New York and has not ever had an office in the State of New York.

## POINT II

## THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN A NECESSARY PARTY

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to challenge a complaint for failure to join a necessary party. In this case, Plaintiff has failed to properly serve a necessary party to this case. Corcyra has filed a concurrent motion challenging service. Movant's only involvement in this case is as an alleged successor-in-interest to Corcyra. As such, Corcyra is a necessary party. See, In re Transcolor Corp., 296 B.R. 343, (2003) Therefore, Movant should be dismissed from the case or excused from responding to the Complaint until Corcyra has been properly joined and served.

## CONCLUSION

Based upon the above, it is respectfully contended that the case be dismissed based upon the lack of personal jurisdiction and failure to join a necessary part or Movant should be excused from responding to the Complaint until all necessary parties have been joined.

Dated: New York, New York          KAUFMANN, FEINER, YAMIN,
       July 7, 2008                          GILDIN & ROBBINS LLP
                               Attorneys for Defendant Corcyra D.O.O.


                               By _/s/ Kevin M. Shelley_____
                                 Kevin M. Shelley (KS8149)
                                 777 Third Avenue
                                 New York, New York 10017
                                 (212)755.3100

and

ROBERT M. YASPAN (Admitted Pro Hac Vice)
JOSEPH G. McCARTY (Of Counsel) (Admitted
Pro Hac Vice)
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
(818) 774.9929