UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/09

KPN B.V.,

                   Plaintiff,

    - against -

CORCYRA D.O.O., et al.,

                  Defendants.

08 Civ. 1549 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, KPN B.V. ("KPN"), requests leave to serve process on defendants Corcyra D.O.O. ("Corcyra") and Moshe Har Adir ("Adir") by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Specifically, the plaintiff requests leave to serve Corcyra by serving process on Corcyra's New York counsel (Kevin Shelley, Esq.), and leave to serve Mr. Adir by serving process on Mr. Adir's New York counsel (also Mr. Shelley) and by mailing service via international overnight courier to Mr. Adir's last known address in Israel.

    At the conference held on February 26, 2009, the Court quashed the plaintiff's prior purported service on Corcyra and Mr. Adir and granted the plaintiff an additional 60 days to effectuate service on those defendants. (Tr. at 36.) The Court observed that "the plaintiff has diligently attempted to serve Corcyra and Adir," (Tr. at 37), citing evidence in the record that the plaintiff had attempted to serve Corcyra and Mr. Adir

1

by several means, including personal service at an address in Beverly Hills, California; registered mail to an address in Croatia; Federal Express mail to the same address in Croatia; personal service at the office of attorney Elliot Lutzker in New York; registered mail to an address in West Hollywood (Corcyra only); and facsimile (Corcyra only) (Tr. at 33-34). In light of the plaintiff's diligent attempts to effectuate service on Corcyra and Mr. Adir, the Court made clear that it would "enter an order approving appropriate alternative means of service on [those defendants]" pursuant to Rule 4(f)(3) in the event that questions continued to linger with respect to the validity of the service of process on Corcyra and Mr. Adir. (Tr. at 37.)

Such questions continue to linger. With respect to Corcyra, plaintiff's counsel represents, and defense counsel does not deny, that Corcyra will not agree to service, and that defense counsel refuses to stipulate to accept service on behalf of Corcyra despite indicating in a March 3, 2009 email to plaintiff's counsel that it would do so. (See Mar. 11, 2009 Pultman Letter Ex. 1.) With respect to Mr. Adir, plaintiff's counsel represents, and defense counsel does not deny, that Mr. Adir does not agree to service and that defense counsel refuses to stipulate to accept service on his behalf or to provide plaintiff's counsel with his current address to facilitate service. Therefore, for the reasons stated at the conference on

February 26, 2009, it is appropriate for the Court to order service on Corcyra and Mr. Adir by appropriate alternative means pursuant to Rule 4(f)(3).

Under Rule 4(f)(3), an individual may be served at a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "'Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" Ehrenfeld v. Mahfouz, No. 04 Civ. 9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (quoting Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." Id. (quoting Rio, 284 F.3d at 1015). With respect to the range of alternative means of service the Court may order, "the basic inquiry is whether the method is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard; and the practicalities in a given case are a factor in determining whether constitutional requirements have been satisfied." Levin v. Ruby Trading Corp., 248 F. Supp. 537, 540-41 (S.D.N.Y. 1965)

(Weinfeld, J.); see also Philip Morris Inc. v. Veles Ltd., No. 06 Civ. 2988, 2007 WL 725412, at *2 (S.D.N.Y. 2007) ("[T]he Constitution itself does not specify or require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond.").

In this case, the plaintiff has requested that it be permitted to serve process on Corcyra by means of service on Corcyra's New York counsel, Mr. Shelley.[1] Service of process on Mr. Shelley is an appropriate alternative means of serving process on Corcyra, in light of the plaintiff's diligent efforts to serve Corcyra heretofore and Corcyra's resistance to service. Because Mr. Shelley is plainly in contact with Corcyra, he will be able to locate Corcyra. Moreover, because Mr. Shelley is aware of the facts underlying this action and has already made limited appearances on behalf of Corcyra, he will not be likely to disregard notice of the action. Accordingly, service on Mr. Shelley is reasonably calculated to provide Corcyra with notice of this action and an opportunity to be heard. Cf. Ehrenfeld, 2005 WL 696769 at *3. Indeed, at the February 26 conference, defense counsel did not deny the Court's conclusion that Corcyra already has notice of this action. (Tr. at 10.) The Court will

---

[1] The Court is unaware of any international agreement that would prohibit service in this manner, and Corcyra has not brought any such agreement to the Court's attention.

also require notice to Corcyra by regular first class mail to its last known address as additional assurance of adequate service.

The plaintiff has also requested permission to serve process on Mr. Adir by means of hand delivery to Mr. Adir's New York counsel (Mr. Shelley), in conjunction with mail via international overnight courier to Mr. Adir's last known address in Israel. This combination of alternatives is appropriate to effectuate service on Mr. Adir under Rule 4(f)(3). For the same reasons that service on Corcyra through Mr. Shelley is appropriate, and because the evidence in the record reflects that Mr. Adir currently resides in Israel and the plaintiff's investigation has uncovered a specific address for him, hand-delivering process to Mr. Shelley and sending process by international overnight carrier to Mr. Adir's last known address in Israel are, together, reasonably calculated to provide notice of this action to Mr. Adir and to allow him an opportunity to respond. See Levin, 248 F. Supp. at 541 ("[S]hort of personal service upon the defendant, it is difficult to suggest any other means more reasonably calculated to . . . afford [a defendant] the opportunity to defend [than notifying the defendant and his attorney by mail]."). Indeed, at the February 26 conference defense counsel did not deny that Mr. Adir already had notice of this action. (Tr. at 10.)

CONCLUSION

For the foregoing reasons and pursuant to Rule 4(f)(3), the plaintiff's requests are **granted**. The plaintiff may serve process on defendant Corcyra by delivering process to Corcyra's New York counsel, Mr. Shelley, and sending process by regular first class mail to Corcyra's last known address, and may serve process on defendant Adir by delivering process to Mr. Shelley and by mailing process to Mr. Adir's last known address in Israel via international overnight courier. The plaintiff shall have 60 days to effectuate service on Corcyra and Mr. Adir by these alternative means.

SO ORDERED.

Dated: New York, New York
       March 16, 2009

                                        _____
                                              John G. Koeltl
                                        United States District Judge